## PEOPLE v. BENNETT.

1. CRIMINAL LAW—NONJURY CASES—CREDIBILITY OF WITNESSES.
   Trial judge in a nonjury criminal case has the duty, as the trier of the facts, to determine the credibility of the witnesses and decide disputed issues, since he saw and heard the witnesses.

2. RAPE—EVIDENCE.
   Finding by trial court that defendant, accused of statutory rape, was guilty beyond a reasonable doubt *held*, proper, where there is evidence in the record supporting the finding (CLS 1961, § 750.520).

3. CRIMINAL LAW—EVIDENCE.
   An appellate court may not set aside finding of guilty in a nonjury criminal case, when there is evidence in the record to support a finding defendant was guilty beyond a reasonable doubt.

4. SAME—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—ALIBI.
   Evidence proffered by defendant consisting of interview with witness and a photostatic copy of a check which might support an alibi *held*, not ground for new trial, where the evidence was not newly discovered, since the witness could have been interviewed before trial, and the canceled check could have been entered in evidence at the original trial.

Appeal from Recorder's Court; Gillis (Joseph A.), J. Submitted Division 1 January 5, 1966, at Lansing. (Docket No. 448.) Decided May 24, 1966.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial § 1123.
[3] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*
[4] 39 Am Jur, New Trial § 164 *et seq.*

Tobey Bennett was convicted of statutory rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney for the people.

*U. S. A. Heggblom,* for defendant.

BURNS, J. Defendant was convicted in the recorder's court for the city of Detroit of the crime of carnally knowing and abusing a 13-year-old girl in violation of CL 1948, § 750.520, as amended by PA 1952, No 73 (CLS 1961, § 750.520, Stat Ann 1954 Rev § 28.788).

It is the claim of the people that the complainant, who is the stepdaughter of the defendant, left her home for school at approximately 7:45 the morning of April 10, 1964. On the way to school she met the defendant who told her to cut through an alley and meet him on the corner of a certain street. After meeting at the corner they proceeded to a house down the street, entered, and went upstairs. The complainant testified that she waited in one room while the defendant talked to another man in an adjoining room. After the other man left, the defendant told the complainant to remove her clothes and get into bed. He then removed his clothes and got into bed with the complainant, and the parties had sexual relations.

The defendant claims that on the morning alleged, he finished work at the Ford Rouge plant and punched out at 7:10 a.m. He walked to the main gate and took a bus to the corner of Linwood and Davidson, where he got off and attempted to cash a check.

The A & P store not having opened, and the barber shop where he had intended to wait until the store opened also being closed, he caught another bus to the area in which he lived. After alighting from the bus he proceeded to the house in which the complainant claims the act took place, and about 8:30 a.m. talked to a friend about taking care of the house while said friend was away. He left the house and met another friend about 9 or 9:15 a.m. and spent the time with him until approximately 11 o'clock a.m. He denies that he saw the complaining witness on the morning of the alleged offense and denies that he committed the offense. It is his claim that the complainant was angry and resentful toward him because he had reprimanded her, and that the girl had been punished by her mother for not keeping up with her school work and for visiting a house of ill repute.

The trial judge found the defendant guilty, and the defendant moved for a new trial which was denied. The grounds alleged for the new trial were: judgment is contrary to the great weight of the evidence; judgment is contrary to law; and testimony of the complaining witness was false. Subsequently, the defendant filed a supplemental pleading to the motion for a new trial, alleging grounds that there was newly-discovered evidence which should be presented in a new trial.

The motions were denied and the defendant appeals to this Court on the same grounds. The appellant, in effect, claims in the first 3 grounds presented for a new trial, that the trial judge should have believed the appellant instead of the complaining witness. The testimony of the defendant and his witnesses is at variance with that of the people's witnesses. There is only one common agreement in the testimony of the two sides: both sides

put the appellant at the same house and talking to a friend at approximately 8:30 a.m. As stated in *People* v. *Szymanski* (1948), 321 Mich 248, at pp 253, 254:

"As the trier of the facts it became the duty of the trial judge to determine the credibility of the witnesses and decide the disputed issue. It is apparent that he believed the testimony of the people's witnesses. We cannot say that he erred in doing so. In *People* v. *Blanchard* [1904], 136 Mich 146, it was held that this Court will not, on appeal in a criminal case, weigh conflicting evidence. The trial judge saw and heard the witnesses and he was in a far better position than is this Court to determine their credibility. There was evidence to support the finding that defendant was guilty beyond a reasonable doubt. Such being the case, this Court may not set aside the verdict on the ground that the evidence was not sufficient to sustain it."

The newly presented evidence in the supplemental motion for a new trial consisted of a statement by the appellant to the effect that upon October 13, 1964, he went to John's Market with a photostatic copy of a check he claimed he cashed between 9 and 9:30 on the morning of April 10, 1964, and that the manager of the store, when shown the check, identified the appellant as a man who cashed it on said date between 9 and 9:30 a.m.

GCR 1963, 527.1 states:

"Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues whenever their substantial rights are materially affected, for any of the following causes: * * *

"(6) Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial."

This evidence was not newly discovered. The appellant could have interviewed the store manager before trial and could have entered the canceled check in evidence at the original trial.

Judgment affirmed.

T. G. KAVANAGH, P. J., and McGREGOR, J., concurred.