PEOPLE *v.* GATES

CRIMINAL LAW—PRESERVING QUESTION—MISCARRIAGE OF JUSTICE.
The Court of Appeals will not review issues raised for the first
time on appeal in the absence of a miscarriage of justice and
where the evidence was sufficient for the trier of fact to find
defendant guilty beyond a reasonable doubt, there was no mis-
carriage of justice.

Appeal from Recorder's Court of Detroit, Gerald
W. Groat, J. Submitted Division 1 June 18, 1970,
at Detroit. (Docket No. 7,321.) Decided July 31,
1970.

David Quitman Gates was convicted of armed
robbery and common-law rape. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Luvenia D.
Dockett,* Assistant Prosecuting Attorney, for the
people.

*Donnell P. O'Callaghan,* for defendant on appeal.

Before: LESINSKI, C. J., and HOLBROOK and T. M.
BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 545.

Per Curiam.   After waiver of jury trial, defendant David Quitman Gates was convicted of armed robbery, MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797), and common-law rape, MCLA § 750.520 (Stat Ann 1954 Rev § 28.788).

The complaining witness, a 64-year-old woman, testified that she was attacked at knife point at two o'clock in the morning on August 21, 1965. The assailant was described as a 6'2", 175-pound Negro male, who tore at his victim's clothes, completed the act of intercourse, and then robbed her of six $1 bills and a $95.64 payroll check. Shortly thereafter, two police officers, responding to a radio description of the attacker, arrested defendant in the area of the crime. Searching defendant's person, the police discovered seven $1 bills, a knife, and the complaining witness's payroll check.

Defendant appeals as of right, raising several issues for our consideration. Reviewing the record we find that none of the questions were properly preserved by timely objection at the trial level.

In the absence of a miscarriage of justice, this Court will not review issues raised for the first time on appeal. *People* v. *Willis* (1965), 1 Mich App 428; *People* v. *Leroy Morgan* (1970), 24 Mich App 660. There was no miscarriage of justice in the instant case. The evidence was sufficient for the trier of fact to find defendant guilty beyond a reasonable doubt. *People* v. *Bennett* (1966), 3 Mich App 326.

Affirmed.