PEOPLE *v* TURNER

1. CRIMINAL LAW—ENTRAPMENT—SALE AND POSSESSION OF NAR-
COTICS.

The defense of entrapment to the charges of the sale and pos-
session of heroin is not available to defendant even though
police agents befriended the defendant to determine if he
dealt in narcotics and defendant purchased heroin from a
third party for an agent at the agent's request with funds
supplied by the agent, where defendant showed no reluctance
to meet the request, because the purchase was not the product
of the creative activity of the police but resulted from de-
fendant's willingness to make the purchase and the police mere-
ly provided the opportunity.

2. CRIMINAL LAW—SALE OF NARCOTICS—AGENT.

The term "agent" used in the statute defining "sale" of nar-
cotics refers only to the agent of the vendor and not to the
agent of the purchaser (MCLA 335.51[10]).

3. CRIMINAL LAW — SALE OF NARCOTICS — DEFENSES — PROCURING
AGENT.

The procuring agent theory is a valid defense to a charge of
sale of narcotics, because the definition of a "sale" in the
statute prohibiting the sale of narcotics does not apply to an
agent of the purchaser of narcotics, but only to the agent
of the seller (MCLA 335.51[10]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  25 Am Jur 2d, Drugs, Narcotics, and Poisons, §§ 43, 46, 47.
[1, 5]  Entrapment to commit offense with respect to narcotics law.
33 ALR2d 883.
[2–4]  25 Am Jur 2d, Drugs, Narcotics, and Poisons, § 22 *et seq.*
[5]  25 Am Jur 2d, Drugs, Narcotics, and Poisons, § 21 *et seq.*
[6]  21 Am Jur 2d, Criminal Law § 450.
[7]  21 Am Jur 2d, Criminal Law § 574.

4. Criminal Law — Sale of Narcotics — Defenses — Procuring Agent.

A valid procuring agent defense to a charge of sale of narcotics was made where the evidence showed that defendant purchased narcotics for a police agent, at the agent's request, with funds provided by the agent, from a third party, whom defendant had not been shown to have previously been associated with in the sale of narcotics and the evidence failed to show that defendant had in any way profited from the transaction.

5. Criminal Law—Possession of Narcotics—Defenses—Procuring Agent.

The procuring agent defense to a charge of sale of narcotics is not a valid defense to the charge of possession of narcotics even though the procuring agent's possession was only when he was acting as a conduit for the sale, because the agent's total control of the narcotics during the transfer is sufficient to warrant a conviction of possession (MCLA 335.153).

6. Indictment and Information—Binding Over for Trial.

Refusal to grant defendant's motion to quash the information on the ground that defendant was properly bound over for trial because the district court could find from the record that there was probable cause to believe that the charged offense was committed, an improper statement of the standard for binding over, was not error where the district court itself found that a crime had been committed (MCLA 766.13).

7. Criminal Law—Sentencing—Inadvertent Error—Correction.

Defendant's contention that his sentence for a conviction of possession of heroin is invalid because the sentencing judge inadvertently mentioned "marijuana" rather than "heroin" is without merit where the Court of Appeals, exercising its power, corrects the inadvertent error (GCR 1963, 820).

Appeal from Lenawee, Rex B. Martin, J. Submitted Division 2 January 5, 1972, at Lansing. (Docket No. 10652.) Decided February 23, 1972. Leave to appeal granted, 387 Mich 776.

Thomas P. Turner was convicted of the sale and possession of heroin. Defendant appeals. Reversed and a verdict of acquittal entered as to the conviction of sale. Affirmed as to the conviction of possession.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney, for the people.

*Charles Wm. Jameson,* for defendant on appeal.

Before: LESINSKI, C. J., and McGREGOR and QUINN, JJ.

LESINSKI, C. J. Defendant Thomas Patterson Turner was convicted by a judge sitting as trier of fact of both the sale and possession of heroin. MCLA 335.152; MSA 18.1122; MCLA 335.153; MSA 18.1123. He appeals as of right.

The facts of this case established that Melbourne Partridge, a truck driver and acquaintance of the defendant, had collaborated with State Trooper James Ewers in an attempt to determine if the defendant sold narcotics. After feigning friendship with the defendant for several months, Partridge and Ewers met defendant on February 22, 1970, whereupon Partridge asked for some heroin for his girl friend. Partridge then gave the defendant $20 for the heroin. The defendant subsequently bought the heroin from a third party and gave it to Partridge. At that time the defendant informed Partridge that the heroin had cost more than the $20 he had previously supplied. Partridge then gave the defendant an additional $17 to pay the added cost of the heroin.

The defendant's major contention at trial was that he had been entrapped into committing the offenses charged. The trial court ruled that there was no entrapment.

In *Sherman* v *United States,* 356 US 369, 372–373; 78 S Ct 819, 821; 2 L Ed 2d 848, 851 (1958), the United States Supreme Court attempted to dis-

tinguish between permissible police conduct and entrapment:

"However, the fact that government agents 'merely afford opportunities or facilities for the commission of the offense does not' constitute entrapment. Entrapment occurs only when the criminal conduct was 'the product of the *creative* activity' of law-enforcement officials. (Emphasis supplied.) See 287 US at pp 441, 451. To determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal. The principles by which the courts are to make this determination were outlined in *Sorrells*. On the one hand, at trial the accused may examine the conduct of the government agent; and on the other hand, the accused will be subjected to an 'appropriate and searching inquiry into his own conduct and predisposition' as bearing on his claim of innocence. See 287 US at p 451."

In *People* v *Smith*, 296 Mich 176, 182 (1941), the Michigan Supreme Court stated:

"Where the criminal intent originates in the mind of the defendant, the fact that the officers of the government used decoys or truthful statements to furnish opportunity for or to aid the accused in the commission of a crime, in order successfully to prosecute him therefor, constitutes no defense to such a prosecution."

In the case at bar, a review of the facts convinces this Court that the defendant was not entrapped into committing these offenses. While it is true that Partridge and Trooper Ewers became friends with the defendant in an attempt to determine if he dealt in narcotics, we are of the opinion that their conduct was limited to providing an opportunity for the commission of the offenses. Defendant's

criminal activity was not the product of the creative activity of the law enforcement officials but resulted from the defendant's own willingness to commit the offenses charged. The record reveals that defendant exhibited no reluctance or hesitation in his desire to meet the request for narcotics.

As this Court stated in *People v Ovalle*, 10 Mich App 540, 544 (1968):

"The mere fact that an opportunity was furnished defendant to commit a crime, absent reprehensible creative activity or persistent overexertion, is no defense to subsequent prosecution."

Defendant thereupon contends that even if this Court should find that the evidence fails to establish entrapment as a defense, it was nevertheless insufficient to warrant the verdict of guilty beyond a reasonable doubt of the sale of heroin. The record reveals that the defendant purchased heroin from a third party for Partridge, at his request, and with funds supplied by him. Defendant maintains that his actions were therefore those of a procuring agent for Partridge, and that consequently there was no sale of heroin but merely a transfer from agent to principal.

In *United States v Barcella*, 432 F2d 570, 572 (CA 1, 1970), the United States Court of Appeals for the First Circuit recognized that the procuring agent defense to the sale of narcotics is often a handmaiden to the entrapment defense.

"Returning to the decided cases it may be observed that assertion of the procuring agent theory as a defense frequently goes hand in hand with a claim of entrapment. See, *e.g.*, *United States v Winfield, ante; Lewis v United States* (1964), 119 US App DC 145, 337 F2d 541, *cert denied* 381 US 920, 85 S Ct 1542, 14 L Ed 2d 440; *United States v Sizer*,

*ante; Henderson* v *United States,* 5 Cir, 1958, 261 F2d 909; *United States* v *Sawyer, ante.* This is not mere coincidence. Evidence of entrapment will often also be evidence that the defendant entered into the illegal transaction solely to help the buyer, and on his behalf."

The procuring agent defense to the charge of the sale of narcotics has been recognized by almost all of the Federal circuits and by the States of New York and Massachusetts. It first appeared in *United States* v *Sawyer,* 210 F2d 169, 170 (CA 3, 1954). Defendant Sawyer was asked by a police agent to get him some heroin. Sawyer, knowing where heroin could be purchased, took $20 as then proffered, purchased some heroin for $20 and brought it back and gave it to the agent. Sawyer was charged and convicted of the sale of a narcotic under 26 USCA 4705(a).* In reversing Sawyer's conviction, the Court stated:

"In these circumstances, we think the court should at least have pointed out to the jury that if they believed that the Federal agent asked the defendant to get some heroin for him and thereupon the defendant undertook to act in the prospective purchaser's behalf rather than his own, and in so doing

---

* 26 USCA 4705(a) was repealed. Pub L 91–513, Title III, § 1101(b)(3)(A), October 27, 1970, 84 Stat 1292. It formerly stated:

"It shall be unlawful for any person to sell, barter, exchange or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the secretary or his delegate."

This provision is similar in scope to MCLA 335.152; MSA 18.1122, which states:

"Any person not having a license under the provisions of Act No 343 of the Public Acts of 1937, as amended, being sections 335.51 to 335.78, inclusive, of the Compiled Laws of 1948, who shall sell, manufacture, produce, administer, dispense or prescribe any narcotic drug shall be deemed guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for a term of not less than 20 years nor more than life."

purchased the drug from a third person with whom he wasn't associated in selling and thereafter delivered it to the buyer, the defendant would not be a seller and could not be convicted under this indictment."

In *Adams* v *United States*, 220 F2d 297, 299 (CA 5, 1955), the Court reversed defendant's conviction for sale of narcotics and directed that a verdict of acquittal be entered on the ground that the facts established only that defendant was a procuring agent and as such, a sale was not possible:

"All of the evidence was quite consistent with appellant's acting only as a purchasing agent or messenger instead of as a seller. There was no evidence from which a sale from her to McKinney could be spelled out beyond a reasonable doubt; nor was there any evidence that she profited in any way from the transactions or was associated with her 'connection' in selling narcotics (except for the quite equivocal fact of the two purchases themselves). Therefore, the verdict of guilty of the offense of selling heroin must have been based upon speculation, and the court should have directed a verdict of acquittal."

In *United States* v *Winfield*, 341 F2d 70, 71 (CA 2, 1965), the Court, while affirming the defendant's conviction for the sale of narcotics, nevertheless recognized the legitimacy of the procuring agent defense:

"Careful scrutiny of the totality of facts in each case is required to determine whether a defendant charged with violating section 4705(a), acted as a seller or procuring agent. * * *

"It is apparent, nonetheless, that when *Sawyer* is adopted to this case the relationship between Winfield and the ultimate seller assumes critical significance. * * * We note that here unlike *Adams* v

*United States,* 220 F2d 297 (5 Cir 1955), the evidence and the inferences which the trial judge could reasonably draw indicate that Winfield had been previously associated with his connection in selling narcotics. As an illustration, in apologizing for his supplier's delay, the appellant explained that he had never been late before."

In the case at bar, there was no showing that the defendant had ever dealt in the sale of heroin prior to the solicitation by his supposed friend Partridge, nor was there a showing that defendant in any way profited from the transaction. As we have noted, defendant's willingness to obtain the drugs for Partridge obviated any entrapment defense in spite of the fact that the heroin was obtained with funds provided by Partridge, at his request, from a third party whom defendant had not been shown to have previously been associated with in the sale of narcotics. Nonetheless, these same facts are sufficient to raise the issue of a valid procuring agent defense to the charge of sale of heroin.

The term "sale" as used in MCLA 335.152; MSA 18.1122 has been defined in MCLA 335.51(10); MSA 18.1071(10).

" 'Sale' includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee."

It has been argued that the use of the word "agent" in this definition of "sale" prohibits the procuring agent defense in Michigan. With this position we disagree. Michigan's definition of "sale" was taken verbatim from the Uniform Narcotic Drug Act. Massachusetts has also adopted this statute and uses the identical definition of "sale".

In *Commonwealth* v *Harvard,* 356 Mass 452; 253 NE2d 346 (1969), the Massachusetts Supreme

Court held that the term "agent" in the definition of "sale" refers to the agent of the vendor, rather than the agent of the purchaser, which is the case in the procuring agent defense. The Massachusetts Supreme Court was adamant in its interpretation that this definition of "sale" in no way prohibited the procuring agent defense. See, also, *People* v *Branch,* 13 App Div 2d 714; 213 NYS2d 535 (1961), for a similar interpretation in regard to the New York "sale" definition.

This Court is of the opinion that the term "agent" used in the "sale" definition refers only to the agent of the vendor. In this determination we adopt the Massachusetts Supreme Court's interpretation of this provision of the Uniform Narcotics Drug Act. We do this with full knowledge that the Supreme Court of Illinois has given a far broader interpretation to the word "agent" in its sale statute. However, we are convinced that a procuring agent who buys from a third party with funds provided by his principal and at the principal's request is far different from the employee of a narcotics peddler. It is only the latter individual who can in any sense be considered to be a seller of narcotics.

This Court finds that the evidence presented a valid procuring agent defense to a charge of sale of heroin. There being insufficient evidence to support a conviction of sale, the trial court should have directed a verdict of acquittal to this charge.

Defendant next contends that his conviction of possession of heroin should also be reversed since his possession of the heroin was limited to that of a conduit from the third party to Partridge. This is the identical argument which was raised in regard to the possession charge in *Commonwealth* v *Harvard,* 356 Mass at 457–458; 253 NE2d at 349. The Massachusetts Supreme Court recognized that

a procuring agent could still be convicted of possession. It stated:

> "Admittedly, the defendant was in possession of marihuana on May 17 when Zacharo handed the plastic bag containing it to the defendant who in turn passed it to Martin. The defendant argues that such fleeting, momentary contact with the drug does not constitute the possession proscribed by the statute. We disagree. At the moment the defendant received the drug he had the control and power to do with it what he willed. In this case he chose to hand it immediately to Martin rather than hold it longer, keep it himself, or otherwise deal with it. Possession ought not to depend on the duration of time elapsing after one has an object under his control."

This Court is of the opinion that the Massachusetts Court was correct in its view that even where a valid procuring agent defense is made out to a charge of "sale," a conviction for "possession" during the time when the procuring agent acted as a conduit for the illegal drug transfer is valid. Defendant had total control of the heroin prior to his transfer of it to Partridge. This control was sufficient to warrant a conviction for possession of heroin.

Defendant's claim that the trial court failed to make sufficient findings of fact to support the conviction for possession of heroin is without merit, as the requirements of GCR 1963, 517.1 were met. Defendant's challenge to the verdict itself as being incomplete, imprecise, and indefinite is likewise without merit.

As to the claimed error in the trial court's refusal to quash the information, this Court finds no error. While it is true the trial court stated the wrong standard, to-wit: that the district court could find

from the record "that there was probable cause to believe that the offense was committed", we are of the opinion that the district court itself found that a crime had been committed, which is the proper standard to bind defendant over for trial.

Defendant finally contends that his sentence for his conviction of possession of heroin is invalid. In sentencing defendant, the trial judge inadvertently mentioned the word "marijuana" rather than "heroin". This Court pursuant to the power granted it by GCR 1963, 820 hereby corrects this sentence to read:

"On the *possession of heroin*, it will be the sentence of the Court that you be confined in the Prison of Southern Michigan under the supervision, direction, and control of the Michigan Department of Corrections for a minimum period of four years to a maximum period of ten years." (Emphasis supplied.)

Reversed and a verdict of acquittal entered as to the conviction for sale of heroin.

Affirmed as to the conviction for possession of heroin.

All concurred.