PEOPLE v WILLIAMS

CRIMINAL LAW—CONTROLLED SUBSTANCES—DEFENSES—PROCURING
AGENT—STATUTES.

The procuring agent defense is not available to a defendant
charged with delivery of a controlled substance because under
the Controlled Substances Act if there is an actual, constructive
or attempted delivery a crime has been committed regardless of
any agency relationship, whether it be between the defendant
and a narcotics agent or between the defendant and the suppli-
ers (MCLA 335.304[1]).

Appeal from Midland, James R. Rood, J. Submit-
ted Division 3 June 7, 1974, at Lansing. (Docket
No. 18237.) Decided July 24, 1974. Leave to appeal
applied for.

Dale E. Williams was convicted of delivery of
marijuana. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Edward G. Durance,*
Prosecuting Attorney, and *Gerald L. White,* Assist-
ant Prosecuting Attorney, for the people.

*Whittaker & Rowland,* for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and
O'HARA,* JJ.

R. B. BURNS, J. Defendant was convicted by a

REFERENCES FOR POINTS IN HEADNOTE
25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 38, 43, 46, 47.
Entrapment to commit offense with respect to narcotics law. 33
ALR2d 883.
* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

jury of delivering a controlled substance (mari-juana). MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c).

Narcotics agents let it be known that they were in the market for marijuana. Upon inquiry a young lady introduced them to Rick Jones who called defendant and was informed that he would see what he could do. They drove to defendant's residence. Defendant stated that he was unable to contact anybody but they should come back later.

Officer Huston returned to defendant's house. Defendant said he had made a contact and that the man would be at his house in about one-half hour. Huston left and later returned. He was introduced to two men. Huston inquired if they had the stuff and was told it was on the bed.

Officer Huston testified that defendant took the two bags off the bed and handed them to him. He paid defendant $20.

Defendant testified that he might have handed the bags to him, he couldn't remember, but he was positive Huston picked up the bags. He accepted the money and handed it to a fellow named Joe.

Has the procuring agent defense announced in *People v Turner*, 38 Mich App 479; 196 NW2d 799 (1972), been abrogated by the new Controlled Substances Act?

Defendant contends that the court erred in refusing to give the *Turner* procuring agent defense to the jury. *Turner* was based upon the Uniform Narcotic Drug Act, MCLA 335.152; MSA 18.1122. This statute was repealed by the Controlled Substances Act prior to the commencement of the defendant's trial. The new act controls; it provides:

" 'Deliver' or 'delivery' means the actual, constructive or attempted transfer from 1 person to another of a controlled substance, whether or not there is an agency relationship." MCLA 335.304(1); MSA 18.1070(4)(1).

In this case the narcotics officer was invited to defendant's home where the sale and delivery took place. The money was handed to the defendant. We conclude, as did the jury, that there was a delivery.

Delivery is the key word. We interpret the Controlled Substance statute to mean that if there is an actual, constructive or attempted delivery, a crime has been committed regardless of any agency relationship whether it be between defendant and narcotics agent or with the suppliers.

This abrogates the procuring agent defense raised, discussed and decided in *Turner.* The *Turner* precedent no longer applies. Criminal liability attaches when the seller or procurer, whether agent or not, hands the contraband package to the purchasing officer.

Refusal by the trial court to give the *Turner* procuring agent instruction to the jury was proper and no error was committed.

Affirmed.

All concurred.