PEOPLE v FRAKER

1. CRIMINAL LAW—DELAY IN PROSECUTION—PREJUDICE—BURDEN OF
   PROOF.

   A defendant who seeks dismissal because he was prejudiced by
   the prosecution's delay in bringing charges against him must
   show some prejudice resulting from the delay; the people must
   then show the delay was explainable, unintentional, and did
   not cause defendant any undue prejudice.

2. CRIMINAL LAW—ENTRAPMENT—JUDGES—MATTERS OF LAW—JURIES.

   A trial judge, and not the jury, must decide, as a matter of law,
   whether police conduct constitutes entrapment.

3. CRIMINAL LAW—ENTRAPMENT—OBJECTIVE TEST—JUDGES—UNWILL-
   ING PERSON—PROPENSITY OF DEFENDANT.

   The objective test of entrapment, which has been adopted in this
   state, requires the trial judge to determine whether the police
   conduct was of such nature that it would induce the commis-
   sion of a crime by an otherwise unwilling or unready person;
   the propensity of the particular defendant to commit the crime
   is irrelevant.

4. APPEAL AND ERROR—CRIMINAL LAW—ENTRAPMENT—MATTER OF
   LAW—TESTIMONY—EVIDENCE.

   An appellate court may, as a matter of law, make a finding on
   the issue of entrapment where it accepts defendant's testimony
   as being true, or where the evidence is uncontroverted.

5. DRUGS AND NARCOTICS—ENTRAPMENT—MARIJUANA—QUICK SALE—
   PLEADING—FALSE STORY.

   A swift sale of marijuana to an undercover agent which by the
   uncontradicted testimony merely consisted of an offer to buy
   and quick acceptance by defendant to sell, where there was no
   pleading or cajoling by the agent, and no false story to play on

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 241 *et seq.*
[2, 3] 21 Am Jur 2d, Criminal Law §§ 143, 144.
[4] 5 Am Jur 2d, Appeal and Error § 900.
[5] 21 Am Jur 2d, Criminal Law §§ 144, 145.

defendant's sympathies did not amount to conduct of a kind that could induce or instigate the commission of a crime by one not ready and willing to commit it and, therefore, did not constitute entrapment.

Appeal from Shiawassee, James M. Teahen, Jr., J. Submitted June 4, 1975, at Lansing. (Docket No. 21139.) Decided July 23, 1975.

Lucky D. Fraker was convicted of unlawful delivery of marijuana. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gerald D. Lostracco,* Prosecuting Attorney, for the people.

*David E. McClernan,* for defendant on appeal.

Before: BASHARA, P. J., and J. H. GILLIS and M. F. CAVANAGH, JJ.

PER CURIAM. In July of 1974, a jury convicted defendant of unlawful delivery of marijuana, MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c). He was sentenced to two to four years in prison, and appeals as of right.

The evidence produced at trial shows that on December 13, 1973, undercover agent William Williams sought the aid of one Allen Miller in buying some narcotics. Miller took Williams to defendant Fraker's house and introduced him to defendant. Williams sought to purchase "chemicals or marijuana" from Fraker. Fraker sold Williams a small quantity of marijuana for $5. Nothing further occurred until a warrant was issued for defendant's arrest on April 24, 1974.

On appeal, defendant first claims that the 132-day gap between the commission of the crime and his arrest deprived him of a fair trial. Specifically,

he claims that the time delay detrimentally affected witness Miller's ability to recall the events of the night in question. He also requests that this Court rule that a delay of this length is per se prejudicial in entrapment cases because unclouded memories are especially essential when the defense of entrapment is raised. In response, the prosecution contends that defendant has failed to prove any prejudice resulting from the delay.

We decline defendant's invitation to establish any per se rule regarding delay in entrapment cases. Whether defendant was denied due process of law by a delay preceding his arrest turns on the question of prejudice. If he can show some prejudice resulting from the delay, the people must then show the delay was explainable, unintentional, and did not cause defendant any undue prejudice. *People v Hernandez,* 15 Mich App 141; 170 NW2d 851 (1968), *People v Johnson,* 41 Mich App 34; 199 NW2d 561 (1972).

In the instant case, we feel that defendant has failed to prove that actual prejudice resulted from the delay. Since defendant did not testify, and since Officer Williams' testimony was clear and unequivocal, defendant concedes that his claim of prejudice must stand or fall on the effect that the delay had on Allen Miller's testimony. We first note that witness Miller's testimony is fairly complete, and by and large coincides with that of Officer Williams. We note further that Miller was a "reluctant" witness, as evidenced by the trial judge's declaration that he was a hostile witness for both parties. Finally, Miller admitted that he was "drunk" during the night in question, and he used this intoxication as a justification for not recalling all the details of the drug transaction. Nowhere during his testimony did Miller attribute

his lack of recall to the time delay. Taking all of the above factors into consideration, we are convinced that defendant has not shown any prejudice attributable to the delay in his arrest.

The other issue raised on appeal which merits discussion deals with Fraker's attempt to raise an entrapment defense. Although he did not testify, defendant's closing argument and cross-examination of the prosecution's witnesses made it evident that he did not contest the fact that he sold marijuana to Officer Williams. Rather, defendant attempted to show that he was legally entrapped by the police.

The trial judge instructed the jury on the issue of entrapment as follows:

"I further instruct you that it is the law of this state that an undercover agent's mere offer to purchase drugs does not constitute entrapment. If you find that through some inducement the police officers *[sic]* prompted defendant to engage in an unlawful act with regard to the marijuana *which he would not have otherwise performed,* then you must find him not guilty because of entrapment." (Emphasis supplied.)

We find the above instruction both inappropriate and erroneous. It is inappropriate because it submits the issue of entrapment to the jury. The trial judge, and not the jury, must decide, as a matter of law, whether the police conduct constituted entrapment. *People v Habel,* 53 Mich App 399; 220 NW2d 74 (1974), *People v Zeegers,* 61 Mich App 546; 233 NW2d 76 (1975). The instruction is erroneous because it employs the "subjective" approach to entrapment. Michigan uses the "objective" standard in determining entrapment. *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973).

Under the objective test for entrapment, the

trial judge is required to determine whether the police conduct was of such a nature that it would induce the commission of a crime by an otherwise unwilling or unready person. The propensity of the particular defendant involved to commit the crime is irrelevant. The objective test uses a form of the "reasonable person" concept. If the police conduct was sufficiently provocative to induce the normal law abiding citizen to commit a crime, entrapment has occurred regardless of the predisposition of the defendant involved. *People v Turner, supra, People v Zeegers, supra.*

Having decided that the trial judge improperly dealt with the entrapment issue, we are required to determine the proper disposition of this case. For the following reasons, we feel that an affirmance of defendant's conviction is appropriate despite the instructional errors.

When the jury returned the "guilty as charged" verdict, it necessarily meant that two issues had been decided. First, the jury must have found that defendant did sell marijuana to Officer Williams. Second, the jury must have found no entrapment under the standards enunciated by the trial judge. While we must reject the jury's decision regarding entrapment, their decision regarding defendant's selling of the marijuana is still determinative of that issue. Therefore, rather than remanding this case to the trial judge for his decision on whether Officer Williams' actions constituted entrapment as a matter of law, we choose to make that decision ourselves. See, generally, *People v Henley,* 54 Mich App 463; 221 NW2d 218 (1974).[1]

---

[1] We rely on *People v Henley,* 54 Mich App 463; 221 NW2d 218 (1974), only for the proposition that an appellate court may, as a matter of law, make a finding on the issue of entrapment. We think this type of determination is appropriate only when the appellate court accepts defendant's testimony as being true, or when, as in the

As stated earlier in this opinion, defendant did not testify. The only two witnesses to testify concerning the sale were Williams and Miller. According to their testimony, Williams had never approached defendant prior to December 13, 1973. They indicate that the transaction was a swift "cut-and-dry" affair. There was no pleading or cajoling by Williams; there was no false story to play on defendant's sympathies. There was merely an offer to buy marijuana by Williams and a quick acceptance by defendant to sell. This testimony is uncontradicted. As a matter of law, we hold that this conduct by Williams did not amount to "conduct of a kind that could induce or instigate the commission of a crime by one not ready and willing to commit it * * * ". *United States v Russell,* 411 US 423, 445; 93 S Ct 1637, 1649; 36 L Ed 2d 366, 381 (1973) (Stewart, J. dissenting).

In making this decision, we are aided by Justice Stewart's caveat in his *Russell* dissenting opinion:

"This does not mean, of course, that the Government's use of undercover activity, strategy, or deception is necessarily unlawful. *Lewis v United States,* 385 US 206, 208–209; 87 S Ct 424, 425–427; 17 L Ed 2d 312 (1966). Indeed, many crimes, especially so-called victimless crimes, could not otherwise be detected. Thus, government agents may engage in conduct that is likely, when objectively considered, to afford a person ready and willing to commit the crime an opportunity to do so. *Osborn v United States,* 385 US 323, 331–332; 87 S Ct 429, 433–434; 17 L Ed 2d 394 (1966). See also *Sherman v United States, supra,* 356 US at 383–384; 78 S Ct at 826–827 (Frankfurter, J., concurring)." *United States v Russell,* 411 US at 445; 93 S Ct at 1649; 36 L Ed 2d at 381 (1973).

Affirmed.

---

instant case, the evidence is uncontroverted. In all other cases, the trial judge is the appropriate person to decide this question.