PEOPLE v VAN RIPER

1. APPEAL AND ERROR—CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—FAILURE TO INDORSE—FAILURE TO PRODUCE—PRESERVING QUESTION—NEW TRIAL.

A claim that the prosecution failed to indorse and produce certain res gestae witnesses is not preserved for appeal where the defendant did not move for a new trial in the court below.

2. APPEAL AND ERROR—TRIAL—WITNESSES—PRESERVING QUESTION.

A claim that a trial court improperly permitted the introduction of prosecutorial rebuttal witnesses whose testimony properly belonged in the prosecution's case-in-chief is not preserved for appeal where no objection was made at trial and where no manifest injustice appears.

3. CRIMINAL LAW—ENTRAPMENT—OBJECTIVE TEST.

Entrapment claims are to be weighed by the objective standard; entrapment has occurred when government agents' involvement in criminal activities goes beyond the mere offering of an opportunity to commit an offense and the agents' conduct is of a kind that could induce or instigate the commission of a crime by one not ready and willing to commit it regardless of the character or propensities of the particular person induced.

4. CRIMINAL LAW—ENTRAPMENT—QUESTION FOR COURT.

Entrapment is an issue to be determined by the trial judge, not by the jury.

5. APPEAL AND ERROR—CRIMINAL LAW—ARGUMENTS OF COUNSEL—PREJUDICIAL REMARKS—OBJECTIONS—INSTRUCTIONS TO JURY—CURATIVE INSTRUCTIONS.

The Court of Appeals will reverse a conviction based upon a prejudicial remark made during closing argument only when the prejudice could not have been rectified by a curative

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 111.
[1, 2] 5 Am Jur 2d, Appeal and Error § 545.
[3, 4, 6] 21 Am Jur 2d, Criminal Law §§ 143–145.
[5] 75 Am Jur 2d, Trial § 206.

instruction on the part of the trial judge where the prejudicial remark was not objected to at the trial.

6. APPEAL AND ERROR—CRIMINAL LAW—ENTRAPMENT—QUESTION FOR COURT—NEW TRIAL.

Retrial is not always required where the issue of entrapment has been improperly left to the jury; where the evidence is uncontroverted, the Court of Appeals may decide that there was no entrapment as a matter of law instead of remanding the issue for the trial court's decision.

Appeal from Monroe, James J. Kelley, Jr., J. Submitted June 16, 1975, at Detroit. (Docket No. 20880.) Decided October 27, 1975. Leave to appeal applied for.

Jimmie Van Riper was convicted of delivery of marijuana. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Rostash,* Prosecuting Attorney, *Prosecuting Attorneys Appellate Service* (by *Edward R. Wilson,* Director, and *Dennis M. Powers,* Special Assistant Attorney General), for the people.

*James R. Jenkins,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

M. J. KELLY, J. Defendant was convicted by a jury of delivery of marijuana contrary to MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c). He was sentenced to serve 30 months to four years in prison, and appeals.

The charge against defendant arose from the sale of marijuana to an undercover police officer, Terry Lee Brenay, on December 28, 1972. The

officer testified that he was introduced to defendant a month before and that on three prior occasions he had purchased small quantities of marijuana from defendant.

Defendant admitted that he sold marijuana to Brenay on December 28, 1972, but denied the other three sales. Defendant also testified that he was not in the business of selling marijuana, although he grew some for personal use. He claimed that his reluctance to sell was overcome by persistent entreaties.

Defendant has made four assignments of error. Two of these alleged errors have not been properly preserved for appeal. First, defendant claims that the prosecutor failed to indorse and produce res gestae witnesses. However, this issue was not preserved for appeal as defendant did not move for a new trial in the court below as required by *People v Robinson,* 390 Mich 629, 634; 213 NW2d 106 (1973). Second, defendant also claims that the trial court improperly permitted the introduction of prosecutorial rebuttal witnesses. It is urged that the testimony of these witnesses belonged in the prosecution's case-in-chief. Since no objection was made at trial and no manifest injustice appears, we decline to consider this claim.

We will address the two other allegations: that the trial court's instruction to the jury on entrapment was erroneous; and that the defendant was deprived of a fair trial by prosecutorial misconduct during final argument.

I

In *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973), the court rejected the subjective test and held that entrapment claims are to be weighed by

the objective standard. In doing so, the Supreme
Court relied on the dissenting opinion of Justice
Stewart in *United States v Russell,* 411 US 423; 93
S Ct 1637; 36 L Ed 2d 366 (1973). In *Turner,*
Justice Stewart's opinion was quoted at length,
including this definition of the objective test:

" '[W]hen the agents' involvement in criminal activi-
ties goes beyond the mere offering of such an opportu-
nity, and when their conduct is of a kind that could
induce or instigate the commission of a crime by one
not ready and willing to commit it, then—regardless of
the character or propensities of the particular person
induced—I think entrapment has occurred. For in that
situation, the Government has engaged in the imper-
missible manufacturing of crime, and the federal courts
should bar the prosecution in order to preserve the
institutional integrity of the system of federal criminal
justice.' " 390 Mich at 21.

Justice Stewart explained his rationale for re-
jecting the subjective test which focused on the
defendant's predisposition to commit the crime:

" 'Moreover, a test that makes the entrapment de-
fense depend on whether the defendant had the requi-
site predisposition permits the introduction into evi-
dence of all kinds of hearsay, suspicion, and rumor—all
of which would be inadmissible in any other context—
in order to prove the defendant's predisposition. It
allows the prosecution, in offering such proof, to rely on
the defendant's bad reputation or past criminal activi-
ties, including even rumored activities of which the
prosecution may have insufficient evidence to obtain an
indictment, and to present the agent's suspicions as to
why they chose to tempt this defendant. This sort of
evidence is not only unreliable, as the hearsay rule
recognizes; but it is also highly prejudicial, especially if
the matter is submitted to the jury, for, despite instruc-
tions to the contrary, the jury may well consider such
evidence as probative not simply of the defendant's

predisposition, but of his guilt of the offense with which he stands charged.' " 390 Mich at 20–21.

In the case at bar, the trial court closely followed the language of Justice Stewart in instructing the jury. Thus it is clear that the trial court correctly stated the objective test of entrapment. The serious problem, and one not raised by either party, is that the entrapment issue went to the jury at all. The trial court should have decided the entrapment issue, not the jury.

In *People v Habel (On Rehearing)*, 53 Mich App 399; 220 NW2d 74 (1974), another panel of this Court ruled that entrapment is an issue to be determined by the trial judge, and not by the jury. The court reasoned that, although *Turner, supra,* did not address the question of whether the judge or jury determined entrapment, the Supreme Court in adopting the objective test in *Turner* was persuaded by the dissenting opinion of Justice Stewart in *Russell.* Therefore it was logical to conclude that our Supreme Court intended the opinion of Justice Stewart to prevail on the judge-jury issue as well. Justice Stewart said that the determination of entrapment "must be made—as it is on all questions involving the legality of law enforcement methods—by the trial judge, not the jury". *United States v Russell,* 411 US 423, 441.

This case must be reversed and remanded for a new trial, with the issue of entrapment to be decided by the trial judge.

## II

At trial both the prosecutor and the defense counsel were apparently confused by the *Turner* approach. Both addressed the question of defendant's predisposition. Under the objective test, of

course, predisposition is irrelevant. We do not condone the prosecutor's misstatements of the law. However, we assume that such misstatements will not be repeated upon retrial, simply because the issue of entrapment will be decided by the judge, not the jury.

In considering defendant's other allegations of improper argument, it should be noted that no objection was made to these arguments in the trial court. The proper standard of review in such cases is set forth in *People v Blassingame,* 59 Mich App 327, 335; 229 NW2d 438 (1975):

" 'The rule is that this Court will reverse a conviction based upon a prejudicial remark made during closing argument, only when the prejudice could not have been rectified by a curative instruction on the part of the trial judge, where the prejudicial remark was not objected to at the trial below.' " [Citations omitted.]

In the light of this rule, we do not believe that there was any remark made by the prosecutor below, which was so prejudicial that it could not have been cured by an instruction.

Finally, we should note that retrial will not always be required where the issue of entrapment has been improperly left to the jury, see, *e.g., People v Fraker,* 63 Mich App 29; 233 NW2d 878 (1975), where the evidence was uncontroverted and another panel of this Court decided there was no entrapment as a matter of law. This Court decided the question instead of remanding for the trial court's decision.

In the case at bar, however, there was conflicting testimony. Therefore we cannot determine the issue of entrapment on the record before us.

Furthermore, both the prosecutor and defense counsel argued predisposition to the jury. We can-

not say that the determination that defendant willingly sold marijuana to the undercover officer was not affected by the lengthy discussions of defendant's predisposition.

Reversed and remanded for a new trial.