PEOPLE v CANCINO

OPINION OF THE COURT

1. CRIMINAL LAW—ENTRAPMENT—TRIAL COURTS—CONDUCT OF GOV-
ERNMENT AGENTS—INSTIGATION OF CRIMINAL CONDUCT—CON-
FLICTING TESTIMONY—FINDINGS OF FACT—CONCLUSIONS OF LAW.

It is necessary for a trial court to consider all the evidence
presented to it bearing on the conduct of a government agent
in order to properly determine if the criminal conduct was
instigated by government agents where a defendant has raised
the defense of entrapment, and if there is conflicting testimony
on any point, the trial court should carefully weigh the evi-
dence and then make the necessary findings of fact and conclu-
sion of law.

2. CRIMINAL LAW—ENTRAPMENT—TRIAL COURTS—EVIDENTIARY HEAR-
INGS—APPEAL AND ERROR—FUNCTIONS OF COUNSEL—PRESENTA-
TION OF EVIDENCE.

It is a better practice for a trial court to hold an evidentiary
hearing where a defendant raises the defense of entrapment,
however, the failure to conduct an evidentiary hearing is not
always reversible error; it is not the responsibility of the trial
court to order *sua sponte* an evidentiary hearing on the matter
of entrapment, rather it is the function of respective counsel to
present the evidence upon which the trial court is to base its
decision.

3. CRIMINAL LAW—ENTRAPMENT—OBJECTIVE TEST—JURY—HARMLESS
ERROR.

It was harmless error for the trial court to submit the issue of
entrapment to the jury in the language of the objective test
where the trial court, based on the evidence before it, had
decided the issue adversely to the defendant each time it was
requested and the only effect of the error was to permit the
jury to render a decision on the issue after the trial court had

REFERENCES FOR POINTS IN HEADNOTES
[1-8] 21 Am Jur 2d, Criminal Law §§ 134-145.
  25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 43, 46, 47.

twice ruled adversely to the defendant on the issue of entrapment.

4. CRIMINAL LAW—ENTRAPMENT—OBJECTIVE TEST—CONDUCT OF GOVERNMENT AGENTS—PREDISPOSITION OF DEFENDANT—SCOPE OF CROSS-EXAMINATION—TRIAL COURTS—DISCRETION—STATUTES.

The objective test of entrapment only looks at the actions of the government agent since under that test the predisposition of the defendant to commit the charged offense is irrelevant; however, where a defendant claims that certain questions on cross-examination of the defendant were for the purpose of showing his predisposition to commit the charged offense there was no error since the trial court has broad discretion in matters pertaining to the scope of cross-examination and the trial court ruled that the challenged questions related to the defendant's credibility as a witness and gave a cautionary instruction to the jury that the testimony was to be used only in measuring the defendant's credibility (MCLA 768.29; MSA 28.1052).

5. DRUGS AND NARCOTICS—DELIVERY OF CONTROLLED SUBSTANCE—PROCURING-AGENT DEFENSE.

The defense of "procuring agent" is no longer available in a drug delivery case.

DISSENT BY T. M. BURNS, J.

6. CRIMINAL LAW—ENTRAPMENT—TRIAL JUDGES—MATTER OF LAW—SUBMISSION TO JURY.

*The determination of whether or not a defendant in a criminal case was entrapped into committing the charged offense is a question for the trial judge to decide as a matter of law and it is reversible error to submit the issues of entrapment to the jury.*

7. CRIMINAL LAW—ENTRAPMENT—OBJECTIVE TEST—CONDUCT OF POLICE.

*The test of entrapment is an objective one, focusing upon the conduct of the police.*

8. CRIMINAL LAW—ENTRAPMENT—EVIDENTIARY HEARINGS—EVIDENCE.

*An evidentiary hearing should be conducted where the issue of entrapment is raised prior to trial; at such hearing the testimony of both the government agent and the defendant would be heard and considered.*

Appeal from Ingham, Donald L. Reisig, J. Submitted February 13, 1976, at Lansing. (Docket No. 22499.) Decided July 19, 1976.

Herman O. Cancino was convicted of delivery of heroin. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *Robert B. Nelson,* Assistant Prosecuting Attorney, for the people.

*Reid & Reid, P. C.,* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and D. E. HOLBROOK and T. M. BURNS, JJ.

D. E. HOLBROOK, JR., P. J. Defendant was convicted by a jury of delivery of heroin. MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a). He received a sentence of three years probation, the last six months to be spent in the county jail. Defendant appeals as of right.

At both the preliminary examination and the trial the prosecution's principal witness was the state police undercover narcotics officer who purchased the heroin from the defendant. The substance of the officer's testimony at both hearings was that while he was on undercover duty in a bar he was approached by the defendant; he asked the defendant if he knew where the officer could obtain some heroin; and the defendant informed him that the defendant knew where heroin could be obtained. Subsequently, the officer drove the defendant to the address where the defendant said the heroin could be purchased. At that point the officer testified that he gave the defendant $50 to purchase a quantity of heroin for him. When the

defendant demanded some of the heroin in return, the officer offered him an additional $10 instead. The officer's testimony continued that the defendant took the $60 and returned a short time later with the heroin.

At trial the defendant took the witness stand and the substance of his testimony was that the transaction occurred generally as described by the officer. The major point of difference between the two witnesses' testimony was that the defendant stated that during the transaction the officer had "feigned" symptoms of heroin withdrawal that aroused the defendant's sympathies and caused him to make the purchase for the officer.

Prior to the commencement of the trial defense counsel made a motion to quash the information because the defendant had been entrapped by the undercover police officer into making the delivery. At the hearing on the motion the transcript of the defendant's preliminary examination was introduced in support of the motion to quash the information.[1] After hearing counsels' arguments and reviewing the transcript the trial court denied the defendant's motion to quash the information and the case proceeded to trial.

On appeal defendant contends that the procedure utilized by the trial court constitutes reversible error. The defendant argues that before the trial court can render a decision on the issue of entrapment, it must first hold an evidentiary hearing. *Cf., People v Habel (On Rehearing),* 53 Mich App 399, 400–401; 220 NW2d 74 (1974). Such an evidentiary hearing would provide the defendant

---

[1] The trial court admitted the preliminary examination transcript at this hearing despite its severe reservations about the propriety of such action in the event the defendant desired to switch from a jury to a bench trial. *People v Ramsey,* 385 Mich 221; 187 NW2d 887 (1971), *People v Walter,* 41 Mich App 109; 199 NW2d 651 (1972).

with an opportunity to present his evidence on the issue of entrapment while preserving his right not to take the witness stand before the jury. *People v Sheline,* 64 Mich App 193, 199–200, n 5; 235 NW2d 177 (1975), *lv granted,* 395 Mich 817 (1975), see *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

To properly determine if the criminal conduct was instigated by government agents, it is necessary for the trial court to consider all the evidence presented to it bearing on the government agents' conduct. *Accord, People v Fraker,* 63 Mich App 29, 34; 233 NW2d 878 (1975), see also *Sorrells v United States,* 287 US 435, 454; 53 S Ct 210; 77 L Ed 413 (1932) (Roberts, J., concurring). If there is conflicting testimony on any point, the trial court should carefully weigh the evidence and then make the necessary findings of fact and conclusion of law. *Accord, People v Fraker, supra, cf., People v Olson,* 66 Mich App 197, 201; 238 NW2d 579 (1975), *People v Bennett,* 3 Mich App 326, 329; 142 NW2d 465 (1966).

Our review of the record in the present case convinces us that the trial court evaluated all the evidence presented to it. At the hearing on the motion to quash the only evidence introduced was the testimony of the undercover police officer at the preliminary examination.[2] During the hearing on this motion, defense counsel made numerous references to the transcript and argued that this evidence, in and of itself, showed that the criminal conduct was instigated by the undercover officer. The record reveals no request by defense counsel for an opportunity to present any other evidence on the issue.

---

[2] While there was other testimony at the preliminary examination, it was confined solely to testimony by a state police expert that the substance delivered was heroin.

While it is better practice for the trial court to hold an evidentiary hearing, the failure to conduct an evidentiary hearing is not reversible error. See *People v Shipp,* 21 Mich App 415, 419; 175 NW2d 529 (1970). It is not the responsibility of the trial court to order *sua sponte* an evidentiary hearing on the matter. The function of the trial court is to properly dispose of the issues before it on the evidence presented by the parties. It is the function of respective counsel to present the evidence upon which the trial court is to base its decision.

Further, a thorough review of the record reveals that while defense counsel renewed his motions at the conclusion of the people's proofs he failed to do so upon conclusion of defendant's proofs after defendant had testified. The trial court then submitted the issue of entrapment to the jury in the language of the objective test. *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973). The dissenting opinion *sua sponte* holds that the trial court committed reversible error in so doing. We agree that the trial court erred in submitting the issue to the jury, *People v Habel, supra,* but we find that the error is harmless in this case.

The trial court decided the issue adversely to the defendant each time it was requested based on the evidence before it. The error, therefore, that occurred inured to the benefit of the defendant since it permitted the jury to render a decision on the issue after the trial court had twice adversely ruled thereon. This distinguishes the present case from *People v Sheline, supra,* and *People v Van Riper,* 65 Mich App 230; 237 NW2d 262 (1975), where the trial court never decided the issue. *Cf., People v Fraker, supra* at 33.

The next assignment of error we will consider relates to questions propounded to the defendant

on cross-examination which he claims were asked to show his predisposition to commit the charged offense. Under the "objective" test of entrapment only the actions of the officer are relevant, the predisposition of the defendant to commit the crime is irrelevant.[3] *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973), *United States v Russell,* 411 US 423, 439; 93 S Ct 1637; 36 L Ed 2d 366 (1973) (Stewart, J., dissenting), *Sherman v United States,* 356 US 369, 378; 78 S Ct 819; 2 L Ed 2d 848 (1958) (Frankfurter, J., concurring), *Sorrells v United States, supra.* While the questions elicited matter concerning the defendant's predisposition to commit the crime, the prosecutor seeks to justify the questions on other grounds.

The trial court ruled that the challenged questions related to the defendant's credibility as a witness. In matters pertaining to the scope of cross-examination the trial court has been granted wide discretion. *People v Layman,* 299 Mich 141, 148; 299 NW 840 (1941). Similarly, the trial court enjoys broad discretion in determining what evidence is relevant and material.[4] MCLA 768.29; MSA 28.1052, *People v Bunker,* 22 Mich App 396, 408; 177 NW2d 644 (1970).

The challenged questions relate to how the defendant knew that the undercover officer was "suffering" from symptoms of heroin withdrawal. They also related to why the defendant had first requested some of the heroin for making the pur-

[3] Furthermore, this Court has previously stated that the issue of entrapment is to be decided by the trial court and therefore evidence of entrapment need not be submitted to the jury. *People v Zeegers,* 61 Mich App 546, 550; 233 NW2d 76 (1975), *People v Habel (On Rehearing),* 53 Mich App 399, 401; 220 NW2d 74 (1974).

[4] However, the scope of what is legally relevant to the cross-examination of the defendant's credibility has been narrowed. *See, e.g., People v Renno,* 392 Mich 45; 219 NW2d 422 (1974), *People v Rappuhn,* 390 Mich 266; 212 NW2d 205 (1973).

chase. The testimony by the defendant that he had previously used heroin is relevant to explaining the questions raised by the defendant's previous testimony both on direct and cross-examination. *Cf., People v Mitchell,* 61 Mich App 153, 166; 232 NW2d 340 (1975). Furthermore, the trial court without a recorded request gave a cautionary instruction to the jury that the testimony was only to be used in measuring the defendant's credibility.

Finally, the defendant argues that the trial court improperly denied his motion for a directed verdict of acquittal because of the "procuring agent" defense. That defense was initially recognized in Michigan in this Court's opinion in *People v Turner,* 38 Mich App 479; 196 NW2d 799 (1972), *rev'd on other grounds,* 390 Mich 7; 210 NW2d 336 (1973).

However, this Court has held that with the passage of the Controlled Substances Act of 1971[5] the defense of "procuring agent" is no longer available to a defendant in a drug delivery case. *People v Collins,* 63 Mich App 376, 382–383; 234 NW2d 531 (1975), *People v Williams,* 54 Mich App 448, 450; 221 NW2d 204 (1974). The Supreme Court's announcement in *People v Auer,* 393 Mich 667, 678, n 4; 227 NW2d 528 (1975), that the question of whether this defense is valid is still "open" is of no assistance to the defendant in this case. In *People v Auer,* the defendant was tried under the prior drug law which referred to a sale and not a delivery. Compare MCLA 335.341(1); MSA 18.1070(41)(1) with MCLA 335.152; MSA 18.1122 (repealed by 1971 PA 196, § 66), see also *People v Williams, supra.*

Affirmed.

---

[5] MCLA 335.301 *et seq.;* MSA 18.1070(1) *et seq.*

D. E. HOLBROOK, J., concurred.

T. M. BURNS, J. *(dissenting).* Prior to trial, defendant made a motion to quash the information raising the defense of entrapment. The trial court reviewed the transcript of the preliminary examination and concluded that the facts presented therein did not constitute the defense of entrapment as a matter of law. The only testimony given at the preliminary examination was that of the undercover agent and the expert who analyzed the heroin. Based solely on this evidence, the trial court denied the motion to quash the information. At trial, the judge instructed the jury on the defense of entrapment, thus leaving the issue to the finders of fact to decide.

Whether or not the defendant in a criminal case was entrapped into committing the offense with which he is charged is a question for the trial judge to decide as a matter of law. *People v Habel (On Rehearing),* 53 Mich App 399; 220 NW2d 74 (1974). It is reversible error to submit the issue of entrapment to the jury. *People v Sheline,* 64 Mich App 193; 235 NW2d 177 (1975).

The test of entrapment is an objective one, focusing upon the conduct of the police. *People v Van Riper,* 65 Mich App 230; 237 NW2d 262 (1975). In the instant case, the defendant testified that he was approached by the undercover agent, who asked if he had any heroin for sale. Upon his negative reply, defendant claimed, the agent asked defendant to take him to the residence of a dealer. Defendant testified that he did so because the agent appeared to be suffering from heroin withdrawal. This testimony, if believed by the trial court, might have sustained a finding of entrapment. *Cf., People v Soper,* 57 Mich App 677; 226 NW2d 691 (1975), *People v Turner,* 390 Mich 7;

210 NW2d 336 (1973). Defendant's testimony, however, was not heard by the judge before he ruled on the question of entrapment. Rather, because the testimony of the defendant and the police agent conflicted, the issue was submitted to the jury. This was reversible error. *People v Sheline, supra, People v Van Riper, supra.* When the issue was raised prior to trial, an evidentiary hearing should have been conducted at which the testimony of both the agent and the defendant would be heard and considered. Because such a hearing was not held and because the question was left to the jury, I would reverse the conviction and remand for an evidentiary hearing on the issue of entrapment.