## PEOPLE v HABEL

1. CRIMINAL LAW—DEFENSES—ENTRAPMENT—BURDEN OF PROOF.

    The ultimate burden of proof in criminal cases never shifts from the prosecution and even when the defendant raises a substantive defense, such as entrapment, the people must convince the jury beyond a reasonable doubt that it is not available to the defendant.

2. CRIMINAL LAW—DEFENSES—ENTRAPMENT—BURDEN OF PROOF.

    Failure of the trial court to delineate expressly the defendant's burden of proof for his defense of entrapment constitutes reversible error; instructions to the jury to return a verdict of guilty if the jury found from the evidence and beyond a reasonable doubt that the defendant in fact committed the offense and was not entrapped to do so, but to return a verdict of not guilty only if they found from the evidence and beyond a reasonable doubt that he was entrapped to do so by the government may have led the jury to think that the trial judge meant that they could find defendant not guilty only if there was proof of entrapment beyond a reasonable doubt.

3. CRIMINAL LAW—DEFENSES—ENTRAPMENT—QUANTUM OF PROOF—
    INSTRUCTIONS TO JURY.

    An instruction that there is a requirement of proof beyond a reasonable doubt necessary to sustain a defendant's burden to establish a defense of entrapment is contrary to law and a defendant is entitled to proper instruction on such an essential element of the charge even though no objection was made at trial.

4. CRIMINAL LAW—DEFENSES—ENTRAPMENT—OBJECTIVE TEST.

    A defendant claiming entrapment is entitled to an instruction to the jury defining the "objective" test which demands an adherence to an approach that focuses on the conduct of the governmental agents rather than on whether the defendant was "predisposed" or "otherwise innocent".

---

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 21 Am Jur 2d, Criminal Law §§ 143–145.
29 Am Jur 2d, Evidence §§ 12, 123, 148, 156, 409, 1160, 1176.

Appeal from Muskegon, Charles A. Larnard, J. Submitted Division 3 October 3, 1973, at Grand Rapids. (Docket No. 15588.) Decided November 29, 1973.

Bruce Habel was convicted of illegally delivering heroin. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Richard J. Pasarela,* Prosecuting Attorney, and *Neil G. Mullally,* Assistant Prosecuting Attorney, for the people.

*Balgooyen, Daniels & Balgooyen, P. C.,* for defendant.

Before: HOLBROOK, P. J., and BASHARA and O'HARA,* JJ.

BASHARA, J. Appellant was convicted by a jury of illegally delivering heroin in violation of the Controlled Substances Act of 1971,[1] and appeals. Facts adduced at trial indicate that appellant and Roosevelt Nabors, a police informant, made each other's acquaintance at an alleged "dope pad". As a result of this meeting and subsequent friendship, Nabors asked appellant if he would sell some heroin to a friend. After some preliminary questions, appellant readily agreed to do so. The "friend" was Detective Sergeant Donald Fuller, who had come to Muskegon to "make narcotics cases". The transaction proceeded as agreed and Sergeant Fuller, in the presence of informant Nabors, purchased the heroin from appellant for

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 335.342; MSA 18.1070 (42).

the sum of $90. Upon ascertaining that the substance purchased was heroin the arrest was made.

At trial the appellant raised the defense of entrapment. The trial judge submitted instructions to the jury regarding the alleged facts of the case as they applied to the law of entrapment. The portions of those instructions relevant to the appeal are as follows:

"So all you need to determine or decide in this case is whether or not entrapment was or was not established in this case, because the other elements of the crime have been admitted.

"If you find from the evidence and beyond a reasonable doubt that the defendant did on or about the 25th day of April, 1972, in the City of Muskegon Heights, County of Muskegon, State of Michigan, did then and there illegally deliver a controlled substance, to-wit; diacetyl-morphine, commonly known as heroin, and that he was not entrapped to do so, it will be your duty to find the defendant guilty. * * *

"If you find from the evidence and beyond a reasonable doubt that the defendant did not on or about the 25th day of April, 1972, in the City of Muskegon Heights, County of Muskegon, State of Michigan, illegally deliver a controlled substance, to-wit: diacetyl-morphine, commonly known as heroin, because he was entrapped as I have instructed you about to do so *[sic]*, it will be your duty to find the defendant not guilty * * * ."

For purposes of determining this appeal we must consider two primary issues raised. Did the instructions given erroneously place the burden of proving entrapment on the defendant? If we should so find, does failure to make timely and specific objection preclude appellate review?

Our basic constitutional precepts of justice mandate that the ultimate burden of proof in criminal cases never shifts from the prosecution. Even

when the defendant has raised a substantive defense, the people must convince a jury beyond a reasonable doubt that it is not available to the defendant. *People v Asbury,* 257 Mich 297; 241 NW 144 (1932); *People v Brown,* 34 Mich App 45; 190 NW2d 701 (1971).

In the case at bar the trial judge, after defining the elements of entrapment, concluded by charging the jury to return a verdict of guilty if it found "from the evidence and beyond a reasonable doubt that the appellant in fact committed the offense and was not entrapped to do so". But they were to return a verdict of not guilty only if they found "from the evidence and *beyond a reasonable doubt"* (emphasis supplied) that he was entrapped to do so by the government. His statement clearly falls within the ambit of *Gorin v United States,* 313 F2d 641 (CA 1, 1963), *cert den* 374 US 829; 83 S Ct 1870; 10 L Ed 2d 1052 (1963); and *United States v Pugliese,* 346 F2d 861 (CA 2, 1965), which hold that failure to expressly delineate the appellant's burden of proof constitutes reversible error because "the jury might well have thought that [the trial judge] meant *proof beyond a reasonable doubt". United States v Pugliese, supra,* at 863 (emphasis by the Court).

We do not now decide what quantum of proof is necessary to sustain defendant's burden to establish entrapment. However, we do find that a requirement of proof beyond a reasonable doubt is clearly contrary to law. Appellant is therefore entitled to proper instruction on such an essential element of the charge, even where no objection is made at trial. *People v Spaulding,* 42 Mich App 492; 202 NW2d 450 (1972).

Finally, we must note that while the learned trial judge used the "pre-disposition" test for en-

trapment under *United States v Richard Russell,* 411 US 423; 93 S Ct 1637; 36 L Ed 2d 366 (1973), the defendant will be entitled on remand to an instruction defining the "objective" test, as recently approved in *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973).

Reversed and remanded.

All concurred.