PEOPLE v HABEL (ON REHEARING)

OPINION OF THE COURT

1. CRIMINAL LAW—ENTRAPMENT—QUESTION FOR COURT.
   Entrapment of a defendant is an issue to be determined by the trial judge, not by the jury.

CONCURRENCE BY HOLBROOK, P. J.

2. CRIMINAL LAW—ENTRAPMENT—OBJECTIVE TEST—PROSPECTIVE APPLICATION.
   *A ruling of the Michigan Supreme Court which holds that the test of entrapment is objective is prospective only.*

Appeal from Muskegon, Charles A. Larnard, J. Submitted Division 3 October 3, 1973, at Grand Rapids. (Docket No. 15588.) Decided November 29, 1973. Opinion on rehearing filed May 29, 1974.

Bruce Habel was convicted of illegally delivering heroin. Defendant appeals. Reversed and remanded, 50 Mich App 630 (1973). On rehearing, original opinion modified on the issue of entrapment.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Richard J. Pasarela,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Howard C. Marderosian,* Acting Director, of counsel), for the people.

*Balgooyen, Daniels & Balgooyen, P. C.,* for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 143, 144.

Before: HOLBROOK, P. J., and BASHARA and
O'HARA,* JJ.

## ON REHEARING

BASHARA, J. This case is on rehearing by our
grant thereof. The facts and original decisional
holding are to be found at 50 Mich App 630; 213
NW2d 822 (1973).

The prosecuting attorney takes exception to the
following language in the original opinion:

"Finally, we must note that while the learned trial
judge used the 'pre-disposition' test for entrapment
under *United States v Richard Russell,* 411 US 423; 93
S Ct 1637; 36 L Ed 2d 366 (1973), the defendant will be
entitled on remand to an instruction defining the 'objec-
tive' test, as recently approved in *People v Turner,* 390
Mich 7; 210 NW 2d 336 (1973)."

The prosecuting attorney asserts that this lan-
guage would erroneously submit the issue of en-
trapment to the jury. He supports his argument
with the following language by Justice Potter
Stewart in *Russell, supra:*

"Phrased another way, the question is whether—re-
gardless of the predisposition to crime of the particular
defendant involved—the governmental agents have
acted in such a way as is likely to instigate or create a
criminal offense. Under this approach, the determina-
tion of the lawfulness of the Government's conduct
must be made—as it is on all questions involving the
legality of law enforcement methods—by the trial
judge, not the jury." 411 US at 441; 93 S Ct at 1647; 36
L Ed 2d at 379.

Although our Supreme Court in *Turner, supra,*

---

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

was persuaded by the dissenting opinion of Justice Stewart in adopting the objective theory of entrapment, it did not provide an answer to the procedural question of whether the judge or jury determines entrapment. A reading of the decisions in *Sorrells v United States*, 287 US 435; 53 S Ct 210; 77 L Ed 413 (1932), *Sherman v United States*, 356 US 369; 78 S Ct 819; 2 L Ed 2d 848 (1958), and *Russell, supra,* reveals a split of opinion regarding the judge-jury problem.

The Supreme Court of Michigan has determined that the courts of this state are to be bound by the test of entrapment set forth in a dissenting opinion of the United States Supreme Court. The only logical conclusion to which this panel can come is that our Supreme Court must have intended that the language of Justice Stewart, above quoted, should also prevail on the issue of the judge-jury matter.

We, therefore, direct that upon the occasion of the new trial previously ordered in this cause for other reasons it shall be the province of the trial judge to determine the legality of law enforcement methods used to obtain an arrest.

We affirm our prior opinion except as to the issue of entrapment, discussed herein.

O'HARA, J., concurred.

HOLBROOK, P. J. *(concurring).* This writer concurs in the result reached by my Brothers in this case on rehearing. The reason this concurring opinion is written is to reiterate that this writer is still of the opinion that *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973), is not retroactive, but is prospective only. *People v Gaines,* 53 Mich App 443; 220 NW2d 76 (1974).