PEOPLE v CUSHMAN

Opinion of the Court

1. Criminal Law—Entrapment—Objective Test—Police Methods —Predisposition of Defendant.

The objective test of entrapment which places the determination of entrapment upon the evaluation of whether repugnant methods were used by the police rather than upon the defendant's predisposition to commit the offense is the test used in Michigan.

2. Criminal Law—Entrapment—Question of Law.

The question of whether a defendant has been entrapped is to be decided by the trial court, not by the jury; this evaluation is one for the courts in their supervisory role over the administration of criminal justice.

3. Courts—Duty—Following Law.

A trial court is bound to follow the law notwithstanding the fact that the parties do not call it to the court's attention.

4. Criminal Law—Courts—Entrapment—Factual Dispute.

The trial court, not the Court of Appeals, must ascertain the facts and appraise their effect upon the administration of justice where the viability of a defense of entrapment depends entirely upon the resolution of a factual dispute.

Dissent by J. H. Gillis, J.

5. Appeal and Error—Issues Not Raised—Issues Not Briefed— Remand.

*The Court of Appeals should not decide the merits of a case on an issue not raised on appeal or briefed by the parties, but should remand the cause to afford the trial court an opportunity to pass upon the issue.*

References for Points in Headnotes
[1, 2, 4] 21 Am Jur 2d, Criminal Law § 143 *et seq.*
[3] 20 Am Jur 2d, Courts §§ 64, 67, 69.
[5] 5 Am Jur 2d, Appeal and Error § 974.

Appeal from Shiawassee, James M. Teahen, Jr., J. Submitted June 3, 1975, at Lansing. (Docket No. 22481.) Decided October 14, 1975.

James M. Cushman was convicted of delivery of heroin. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gerald D. Lostracco,* Prosecuting Attorney, for the people.

*Gerald M. Stevens,* for defendant.

Before: BASHARA, P. J., and J. H. GILLIS and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. The defendant was found guilty by a jury in Shiawassee County Circuit Court of the offense of delivery of a controlled substance; namely, heroin. MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a). On appeal the defendant raises several issues, only one of which merits discussion.[1]

The theory which the defendant sought to present at trial was that he was entrapped into the sale of the heroin to undercover agents. According to the defense theory, the defendant's cousin, while working secretly as a police agent, induced him into selling a small amount of heroin to a

---

[1] Defendant asserts that certain comments by the trial judge were prejudicial and that the court also erred in denying the defendant's request for a continuance. The former issue is without merit since our examination of the record reveals that the comments were not objected to and, in any event, cannot be construed as having denied the defendant a fair and impartial trial. *People v Roby,* 38 Mich App 387; 196 NW2d 346 (1972). Because of our disposition of the entrapment issue, it is unnecessary to consider the continuance question since it is not likely to recur on retrial.

third person who was supposedly very sick because of his addiction. The prosecution presented evidence that the defendant's cousin was not an agent of the police and that no representation of the buyer being sick was ever made to the defendant.

The trial court submitted the entrapment issue to the jury and instructed them, in pertinent part:

"I further instruct you that it is the law of this State that an undercover agent's mere offer to purchase drugs does not constitute entrapment. If you find that through some inducement the police officer prompted the Defendant to engage in an unlawful act with regard to heroin, which he would not have otherwise performed, then you must find him not guilty because of entrapment. You are instructed that the prevention of crime is a proper function of law, of enforcement officers, but the manufacture of a crime is not part of that function.

"In considering the evidence in this case, you must first decide whether the prosecution has established beyond a reasonable doubt that the Defendant sold or transferred heroin, as charged in the Information. If you find beyond a reasonable doubt that he sold or transferred the heroin, you must then consider all of the evidence and determine whether he had been induced to do so by reason of having been lured or enticed by the police officers. If you find that what he did was the result of the inducement, enticement or luring, except as I have read to you before, and I read it to you again, where the activity goes beyond the mere offer of such an opportunity, and when their conduct is of a kind that could induce or instigate the commission of a crime by one not ready and willing to commit it, the burden to overcome the presumption of innocence, as I have stated to you before, rests upon the government."

The defendant did not object to this instruction.

In *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973), the Michigan Supreme Court adopted the

"objective" test of entrapment.[2] The Court relied
heavily upon the dissenting opinion of Justice
Stewart in *United States v Russell,* 411 US 423; 93
S Ct 1637; 36 L Ed 2d 366 (1973). Both opinions
placed the determination of entrapment upon the
evaluation of whether repugnant methods were
used by the police rather than the defendant's
predisposition to commit the offense. 390 Mich 7,
19–21.

Justice Stewart also discussed the issue which is
presently before this Court:

"Phrased another way, the question is whether—re-
gardless of the predisposition to crime of the particular
defendant involved—the governmental agents have
acted in such a way as is likely to instigate or create a
criminal offense. Under this approach, the determina-
tion of the lawfulness of the Government's conduct
must be made—as it is on all questions involving the
legality of law enforcement methods—by the trial
judge, not the jury." 411 US 423, 441.

The Michigan Supreme Court in *Turner,* however,
did not comment upon whether the objective deter-
mination of entrapment is one for the trial judge
or the jury. *Turner,* however, did rely upon Justice
Roberts' concurring opinion in *Sorrells v United
States,* 287 US 435; 53 S Ct 210; 77 L Ed 413
(1932), and Justice Frankfurter's concurring opin-
ion in *Sherman v United States,* 356 US 369; 78 S
Ct 819; 2 L Ed 2d 848 (1958). Both of these emi-
nent jurists concluded that the issue of entrap-
ment is one for the trial judge.

Justice Frankfurter explained and added to the

---

[2] No issue of retroactivity is raised by this case. The trial was held
ten months after *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973),
and six weeks after *People v Habel,* 53 Mich App 399; 220 NW2d 74
(1974). *See People v Auer,* 393 Mich 667; 227 NW2d 528 (1975).

rationale of Justice Roberts as to why the entrap-
ment determination cannot be made by a jury:

"As Mr. Justice Roberts convincingly urged in the
*Sorrells* case, such a judgment, aimed at blocking off
areas of impermissible police conduct, is appropriate for
the court and not the jury. 'The protection of its own
functions and the preservation of the purity of its own
temple belongs only to the court. It is the province of
the court and of the court alone to protect itself and the
government from such prostitution of the criminal law.
The violation of the principles of justice by the entrap-
ment of the unwary into crime should be dealt with by
the court no matter by whom or at what stage of the
proceedings the facts are brought to its attention.' 287
US at 457 [53 S Ct at 218; 77 L Ed at 425] (separate
opinion). Equally important is the consideration that a
jury verdict, although it may settle the issue of entrap-
ment in the particular case, cannot give significant
guidance for official conduct for the future. Only the
court, through the gradual evolution of explicit stan-
dards in accumulated precedents, can do this with the
degree of certainty that the wise administration of
criminal justice demands." 356 US 369, 385.

We think that these rationales are persuasive
that in this jurisdiction the defense of entrapment
is one which must be decided by the trial court,
not the jury. Recent opinions by this Court are
harmonious on this point. See *People v Zeegers,* 61
Mich App 546; 233 NW2d 76 (1975), and *People v
Habel (On Rehearing),* 53 Mich App 399; 220
NW2d 74 (1974).

The purpose of not imposing criminal liability
where the defendant has been entrapped into com-
mitting an offense is to deter improper police
conduct. A general jury verdict of not guilty would
not be instructive as to whether official conduct
went beyond the boundaries of sound public policy.
This evaluation, like that of confessions and other

evidence alleged to have been obtained illegally, must be one for the courts in their supervisory role over the administration of criminal justice. See generally Chief Justice Traynor's dissent in *People v Moran,* 1 Cal 3d 755; 83 Cal Rptr 411; 463 P2d 763 (1970).

Although neither party objected to the submission of the entrapment issue to the jury, this does not preclude our review of this issue. Further, while defense counsel in his brief on appeal made only an oblique reference to the issues discussed herein, the people's appellate brief speaks directly to them, and at the oral argument of this cause counsel for the people admitted that the trial court's actions were violative of both *Turner* and *Habel* but argued these errors were harmless. A trial court is bound to follow the law notwithstanding the fact that the parties are negligent in not calling it to the court's attention. *People v Glover,* 47 Mich App 454, 458; 209 NW2d 533 (1973).

Because entrapment is not a jury issue, instructional content will, of course, not pose a problem for trial courts. It is important, however, for the court to utilize the proper standards in deciding whether the police entrapped the defendant. The standards evidenced by the jury instructions given in this case are not consonant with *Turner's* objective test. The character or propensities of a particular defendant are totally irrelevant to the entrapment determination. The court's attention should be focused on the conduct of the police and whether that conduct has in a reprehensible manner instigated the commission of a crime by one not ready and willing to commit it—regardless of the propensities of the particular person induced. 390 Mich 7, 21. See *People v Henley,* 54 Mich App 463; 221 NW2d 218 (1974).

In urging this Court to adopt their respective versions of what occurred between the defendant and police, both parties have misconceived the role of an appellate court in reviewing the rejection of an entrapment defense. Where the viability of the defense depends entirely upon the resolution of a factual dispute, it is the role of the trial court to ascertain those facts and appraise their effect upon the administration of criminal justice. *Sorrells v United States,* 287 US 435, 455 (Roberts, J., concurring).

The defendant's conviction is reversed and the case is remanded for a new trial.

BASHARA, P. J., concurred.

J. H. GILLIS, J. *(dissenting).* I dissent for the reason that our panel is deciding the merits of the case on an issue not raised on appeal nor briefed by the parties. The trial court has not had an opportunity to pass upon the issue and I would, therefore, remand this cause to the trial court treating the appeal as a delayed motion for new trial.