PEOPLE v RAMON

Docket No. 31456. Submitted June 12, 1978, at Grand Rapids.—Decided August 9, 1978.

Rojelio Ramon was convicted of delivery of heroin in Calhoun Circuit Court, Stanley Everett, J. Defendant's cousin, working in conjunction with an undercover police officer, persuaded defendant to sell him heroin only after he was able to convince defendant that he, the cousin-informer, needed money to engage an attorney in connection with a breaking and entering charge and would not use the drug himself. Defendant appeals alleging entrapment. *Held:*

Defendant was entrapped. The defense of entrapment is available to a defendant in a narcotics action where the facts show that he was reluctant to become involved but was persuaded to commit the crime of delivery of heroin by false statements and sympathies created by his cousin where the cousin received encouragement and assistance from a law enforcement official.

Reversed and defendant discharged.

1. CRIMINAL LAW—ENTRAPMENT—OBJECTIVE TEST.

The objective test for entrapment is to be applied to the facts of a case in order to determine if in reality entrapment has ensued.

2. CRIMINAL LAW—ENTRAPMENT—POLICE CONDUCT—PREDISPOSITION OF DEFENDANT.

The determination of entrapment depends upon an evaluation of whether repugnant methods were used by the police rather than a defendant's predisposition to commit an offense; a court's attention should focus on the conduct of the police and whether that conduct had in a reprehensible manner instigated the commission of a crime by one not ready and willing to

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4, 5] 21 Am Jur 2d, Criminal Law §§ 143, 144.

[3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 43.

Entrapment to commit offense with respect to narcotics law. 33 ALR2d 883.

Modern status of the law concerning entrapment to commit narcotics offense—state cases. 62 ALR3d 110.

commit—regardless of the propensities of the particular person induced; if police conduct was sufficiently provocative to induce a normal law abiding citizen to commit a crime, entrapment has occurred regardless of the predisposition of the defendant involved.

3. Drugs and Narcotics—Entrapment—Objective Test—Police Conduct—Special Relationship—Heroin.

A defendant convicted of delivery of heroin was entrapped according to the objective test for entrapment where the facts show that he was reluctant to make a sale of heroin to his cousin, who was an informer working in conjunction with an undercover police officer, and did so only after being convinced by the cousin-informer that he needed money and would not use the drug himself.

4. Criminal Law—Entrapment—Inducement to Crime—Private Persons—Statements or Sympathies—Police Conduct.

The defense of entrapment is available to a defendant following inducement to commit a crime where the false statements or sympathies that prompted his criminal actions are made by a private person if the private person receives encouragement or assistance from law enforcement officials.

5. Appeal and Error—Criminal Law—Entrapment—Matter of Law—Testimony—Evidence.

An appellate court may, as a matter of law, decide an issue of entrapment where it may accept the defendant's testimony as true or where the evidence is uncontroverted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James Norlander,* Prosecuting Attorney, and *Theodore P. Hentchel,* Assistant Prosecuting Attorney, for the people.

*F. Martin Tieber,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. E. Holbrook, Jr., P.J., and T. M. Burns and W. Van Valkenburg,* JJ.

* Former circuit judge sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Per Curiam. Following a bench trial on July 13 and 14, 1976, defendant was found guilty of delivery of heroin in violation of MCL 335.314(b), 335.341(1)(a); MSA 18.1070(14)(b), 18.1070(41)(1)(a). He was sentenced to three years probation with six months to be spent in the county jail. He appeals as of right.

According to the testimony, one Eric Colby, a cousin of defendant, working in conjunction with David Brewer, an undercover officer and deputy sheriff, began calling on defendant in January of 1975. Colby told defendant he had been arrested on a breaking and entering charge in another county and needed funds to engage an attorney. He also stated that certain blacks, who had purchased dope before, had been to his house and had demanded more. After being assured that Colby did not intend to use the heroin himself, defendant delivered a tinfoil packet to him containing 1/3 gram of a brown powdery substance which contained 10% heroin.

Three questions are raised on appeal; however, since the entrapment issue will be dispositive, it is the only issue discussed here.

It is now well established in Michigan by the holding of the Supreme Court in *People v Turner,* 390 Mich 7, 19–21; 210 NW2d 336 (1973), that the so-called objective test is to be applied to the facts of a case in order to determine if in reality entrapment has ensued.

The situation presented in the case at bar is remarkably similar to the one in *People v Cushman,* 65 Mich App 161; 237 NW2d 228 (1975), except that the cousin there played on the sympathies of the defendant by saying that his brother-in-law had a friend who was sick and needed some dope.

A majority of the panel in *Cushman,* after a reference to *Turner,* stated:

"The Court relied heavily upon the dissenting opinion of Justice Stewart in *United States v Russell,* 411 US 423; 93 S Ct 1637; 36 L Ed 2d 366 (1973). Both opinions placed the determination of entrapment upon the evaluation of whether repugnant methods were used by the police rather than the defendant's predisposition to commit the offense."

\* \* \*

"The court's attention should be focused on the conduct of the police and whether that conduct has in a reprehensible manner instigated the commission of a crime by one not ready and willing to commit it— regardless of the propensities of the particular person induced." *People v Cushman, supra* at 164, 166.

In *People v Fraker,* 63 Mich App 29, 33; 233 NW2d 878 (1975), we find the following statement:

"If the police conduct was sufficiently provocative to induce the normal law abiding citizen to commit a crime, entrapment has occurred regardless of the predisposition of the defendant involved."

See also *People v D'Angelo,* 401 Mich 167, 173; 257 NW2d 655 (1977); *People v Duis,* 81 Mich App 698; 265 NW2d 794 (1978); *People v Stanley,* 68 Mich App 559; 243 NW2d 684 (1976); *People v Asher,* 67 Mich App 174; 240 NW2d 749 (1976); *People v Van Riper,* 65 Mich App 230; 237 NW2d 262 (1975).

Application of the objective test, promulgated in the foregoing citations, to the facts in this case leads us to the conclusion that defendant was entrapped contrary to the finding of the trial court. Ramon was reluctant to make the sale and did so only after being convinced by Colby that he needed money and would not use the drug himself.

Plaintiff relies heavily on *People v Irma Perry,* 75 Mich App 121, 126; 254 NW2d 810 (1977). However, in that decision one judge disagreed in a strong dissent and the majority opinion contains two sentences which distinguish it from the present situation:

"The relationship between the informant and defendant was not created by the police, or by the informant for the purchase. There were no appeals made to defendant's sympathies."

The defense of entrapment is still available to a defendant following inducement to commit a crime even though the false statements or sympathies are made by a private person, if "encouragement or assistance" is given by law enforcement officials. *Stanley, supra* at 564.

This Court possesses the authority to decide the entrapment issue as a matter of law rather than remanding the case to the trial judge when the defendant's testimony is considered as true or the evidence is uncontroverted. *Fraker, supra, People v Henley,* 54 Mich App 463; 221 NW2d 218 (1974).

Following a careful review of the briefs and the facts as disclosed by the record we conclude as a matter of law that defendant was entrapped into committing the offense.

Reversed and defendant discharged.[1]

---

[1] On remand, the officers in *Cushman* were found guilty of entrapment and the defendant was discharged. File No. 4191, Shiawassee County Circuit Court records.