PEOPLE v ALAN JONES

PEOPLE v WATTS

Docket Nos. 118919, 121805. Submitted September 14, 1993, at Detroit. Decided February 7, 1994, at 9:05 A.M. Leave to appeal sought.

Alan D. Jones and James A. Watts were convicted by a jury in the Detroit Recorder's Court, Kathleen MacDonald, J., of delivering 225 grams or more but less than 650 grams of cocaine and were sentenced to imprisonment of ten to thirty years. The defendants appealed, and their appeals were consolidated.

The Court of Appeals *held:*

1. The trial court did not err in preventing Jones from presenting to the jury evidence that his participation in the delivery of the cocaine to an undercover police officer was part of his duties as a paid police informant. The evidence was offered in an attempt to reargue an entrapment claim that the trial court had rejected earlier. Even if the defendant was a paid informant, he failed to establish that he was an officer or employee for purposes of MCL 333.7304(1)(e) and (2); MSA 14.15(7304)(1)(e) and (2), which exempts from licensure requirements an officer or employee of the state or a political subdivision or agency who, in the course of official duties, is engaged in the enforcement of a state or local law relating to controlled substances. Such an officer or employee may possess and transfer controlled substances to any other official similarly exempted from licensure.

2. Evidence of Watts' presence at the delivery of the cocaine and his confessed ownership of the cocaine was sufficient to support his conviction.

3. The trial court did not err in determining that Watts' confession was voluntary and that it was preceded by a valid waiver of rights.

4. Watts was not denied the effective assistance of counsel at trial when counsel, as a matter of strategy, did not move for severance of Watts' trial. The trial court did not err in not ordering severance of Watts' trial.

5. Watts failed to preserve for appellate review his claim that

certain hearsay evidence was admitted erroneously when he failed to object at trial to the evidence.

6. Contrary to Watts' contention, the prosecutor, during closing argument, did not impermissibly vouch for the credibility of the undercover officer.

7. Remand is required for reconsideration of the sentences in light of *People v Hill,* 192 Mich App 102 (1991), in which was stated the criteria for determining whether in a given case there are substantial and compelling reasons for deviating from the minimum sentence mandated by MCL 333.7401(2)(a)(ii) and (4); MSA 14.15(7401)(2)(a)(ii) and (4).

Convictions affirmed; remanded for reconsideration of sentences.

CONNOR, J., concurring, stated that a paid police informant can be considered an employee for purposes of MCL 333.7304; MSA 14.15(7304) but that Jones failed to present a credible claim that he was acting as an informant at the time of the delivery.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Janet A. Napp* and *Carolyn M. Breen,* Assistant Prosecuting Attorneys, for the people.

State Appellate Defender (by *Susan J. Smith*), for Alan D. Jones on appeal.

*Douglas Hamel,* for James A. Watts on appeal.

Before: REILLY, P.J., and MICHAEL J. KELLY and CONNOR, JJ.

REILLY, P.J. A jury found defendants Alan D. Jones and James A. Watts guilty of delivering 225 grams or more, but less than 650 grams of cocaine, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii). The trial court sentenced both defendants to prison for ten to thirty years. Defendants appealed separately as of right, and this Court consolidated

their appeals. We affirm both convictions, but remand for reconsideration of the sentences.

On March 18, 1988, a third defendant, whose appeal is not before us, arranged to sell half a kilogram of cocaine. The buyer turned out to be an undercover police officer. The undercover officer testified that Jones was the person who actually handed the cocaine to him. Watts was at the scene when the delivery took place, and later confessed to the police that the cocaine had been his.

### JONES (DOCKET NO. 118919)

#### A

Defendant Jones claims that the trial court erred in barring him from presenting evidence to the jury that he was acting as a police agent. The trial court excluded the evidence on the basis of its belief that defendant was simply attempting to reargue his entrapment claim before the jury. The trial court had previously determined, following a hearing, that Jones had not been entrapped.

A claim of entrapment is not a denial of criminality; rather, its aim is to bar the government from prosecuting someone for criminal acts. See *People v Turner,* 390 Mich 7, 21; 210 NW2d 336 (1973). Entrapment is not a defense that negates an essential element of the charged crime. Instead, it presents facts that are collateral to the crime and that justify barring the defendant's prosecution. *People v Juillet,* (BRICKLEY, J.) 439 Mich 34, 52; 475 NW2d 786 (1991). In Michigan, entrapment is a question of law for the trial court to decide. *People v D'Angelo,* 401 Mich 167, 176-177; 257 NW2d 655 (1977).

At the entrapment hearing, defendant argued that he thought he was authorized by the police to

deliver the controlled substance. He claimed that he should not be prosecuted because the police led him to believe either that what he was doing was not illegal or that he would not be prosecuted for doing it. We believe that the trial court reasonably concluded from the evidence presented at the entrapment hearing that defendant's story was a fabrication, that the police did not lead defendant to believe that he was authorized to do what he did, and that, consequently, there was no valid entrapment defense.

### B

However, at trial, defendant Jones was not making just an entrapment claim. He was also making a claim that his actions were not criminal.

Jones contends that because he was a paid confidential police informant and the delivery of the cocaine was performed in the course of his official duties as an informant, the delivery of cocaine was not in violation of the law and his involvement with the police is a valid defense to the charge of delivery. He contends that the jury, not the trial court, must decide whether the facts support his claim. We disagree.

Not every delivery of cocaine is criminal. The intentional delivery of a controlled substance is criminal only when it is not authorized by law. See MCL 333.7401(1); MSA 14.15(7401)(1). Generally, only licensed persons may possess or distribute controlled substances. MCL 333.7303; MSA 14.15(7303). However, licensure is specifically waived for an "officer or employee of this state, or a political subdivision or agency of this state who is engaged in the enforcement of a state or local law relating to controlled substances and who is authorized to possess controlled substances in the course of that person's official duties." MCL

333.7304(1)(e) and (2); MSA 14.15(7304)(1)(e) and (2). The burden of proof of an exemption or exception under the controlled substances act is on the person claiming it. MCL 333.7531; MSA 14.15(7531).

Defendant does not contend that he was an officer or an employee of the police acting in the course of his official duties, and his testimony does not support such a claim. Therefore, defendant is not entitled to the protection afforded an officer or employee of this state, or a political subdivision or agency of this state under MCL 333.7304(1)(e) and (2); MSA 14.15(7304)(1)(e) and (2). Even if defendant was acting as a paid confidential informant, he was, at best, an agent and not entitled to the protection afforded by the statute to governmental employees performing official duties.

Jones' intentional involvement in the delivery of drugs to the undercover police officer was not authorized by law. His only arguable defense was entrapment. The trial court properly ruled that the entrapment issue had previously been decided by the court, and could not be presented to the jury. We find no error and, consequently, affirm Jones' conviction.

Finally, defendant Jones challenges his sentence. Since he was sentenced more than 4½ years ago, this Court decided *People v Hill,* 192 Mich App 102; 480 NW2d 913 (1991), in which the Court stated criteria for the "substantial and compelling reasons" that would justify deviation from the mandatory minimum sentence imposed under MCL 333.7401(2)(a)(ii) and (4); MSA 14.15(7401)(2) (a)(ii) and (4). We are persuaded that the trial court should reconsider the sentence imposed in light of that case.

Because no determination has been made that the sentence is invalid, a resentencing is not re-

quired. *In re Jenkins,* 438 Mich 364; 475 NW2d 279 (1991). On remand, the trial court, after reconsideration in light of *Hill,* shall first determine whether a resentencing is appropriate. If it determines that a resentencing is appropriate, it shall then obtain the defendant's presence for that purpose. If it determines that a resentencing is not appropriate, its order shall reflect its consideration of the factors identified in *Hill.*

### WATTS (DOCKET NO. 121805)

Defendant Watts claims that the evidence presented against him, both at the preliminary examination and at the trial, was insufficient. We disagree. At both proceedings, the prosecutor presented evidence that Watts was present at the transaction and that he later admitted to the police that he had supplied the cocaine involved. Viewed in a light most favorable to the prosecution, this is sufficient evidence to show that Watts aided and abetted the delivery.

Watts argues that his statement to the police should not have been admitted into evidence. We disagree. Giving proper deference to the trial court's special opportunity to judge the credibility of the witnesses, MCR 2.613(C), we do not find the trial court to have erred in finding that Watts made the statement voluntarily after validly waiving his rights.

Watts next contends that the trial court should have ordered his trial severed from that of the other defendants, and that he was denied the effective assistance of counsel when his attorney did not ask the trial court to do so. We find no indication of error on the trial court's part, and no suggestion that his attorney's decision was anything other than sound trial strategy. *People v*

*Tommolino,* 187 Mich App 14, 17; 466 NW2d 315 (1991).

Watts also claims that the trial court erroneously allowed hearsay evidence to be used against him. Not only did defendant fail to preserve this issue by failing to object below, see MRE 103, but, because his own statement and the evidence of what happened sufficiently established the existence of a conspiracy, the evidence was not hearsay. MRE 801(d)(2).

Watts contends that the prosecutor impermissibly vouched for the credibility of a witness. During closing argument, the prosecutor noted that had the cocaine not been bought by an undercover police officer, the defendants would not have been arrested, charged, and put on trial. This is not vouching for the undercover officer's credibility, but merely pointing out the obvious: crimes that the police are not aware of go unpunished.

Defendant Watts also challenges his sentence. For the same reasons given regarding defendant Jones' sentence, we believe the trial court should reconsider the sentence imposed on Watts.

Defendants convictions are affirmed, and their cases are remanded to the trial court for reconsideration of the sentences imposed. We do not retain jurisdiction.

MICHAEL J. KELLY, J., concurred.

CONNOR, J. *(concurring).* I concur with the majority's opinion in all but one respect.

When acting in the course of their official duties enforcing drug laws, governmental officers and employees are authorized to procure and possess controlled substances. MCL 333.7304; MSA 14.15(7304). They are also authorized to transfer

controlled substances to any other governmental officers or employees acting in the course of their official duties enforcing drug laws. MCL 333.7304(2); MSA 14.15(7304)(2).

I would hold that, as used in MCL 333.7304; MSA 14.15(7304), the term "employee" includes paid police informants. Defendant Jones is claiming that he was a paid police informant acting in the course of his official duties enforcing drug laws when he handed the cocaine to the undercover officer. If this claim were true, then on the facts of this case, Jones would have been authorized by law to make the transfer he made, MCL 333.7304(2); MSA 14.15(7304)(2), and the delivery would not have violated MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii). Thus, I find that his claim is not a simple entrapment claim, but a claim that goes to guilt or innocence. He is not claiming that he committed the crime because his will was overborne. He is claiming that he did not commit a crime. I would hold that the trial court erred when it refused to permit Jones to present that claim to the jury.

However, after reviewing the record, I am convinced beyond a reasonable doubt that no rational human being would have believed Jones' claim. Thus, I find the error harmless.

I concur.