670 N.W.2d 665 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
William C. McGEE, Defendant-Appellant.
People of the State of Michigan, Plaintiff-Appellant,
v.
William C. McGee, Defendant-Appellee.
Docket Nos. 120157, 120185, COA No. 215576.
Supreme Court of Michigan.
November 7, 2003.
On order of the Court, leave to appeal having been granted, 467 Mich. 915, 653 N.W.2d 779 (2002), and oral argument having been considered, we VACATE the judgment of the Court of Appeals and REMAND this matter to the Oakland Circuit Court for a new trial. The record in this case reveals circumstances from which consent to the circuit court's declaration of a mistrial can be inferred. Therefore, retrial is not barred by the constitutional protection against double jeopardy.
MARKMAN, J., dissents and states as follows.
It is well settled that a defendant can be retried without violating double jeopardy principles where a mistrial has been declared and the defendant either consented to such or it was occasioned by manifest necessity. People v. Lett, 466 Mich. 206, 215, 644 N.W.2d 743 (2002). The majority concludes that defendant consented to the circuit court's declaration of a mistrial and, thus, that defendant can be retried without violating the constitutional protection against double jeopardy. I respectfully dissent. I am unaware of any evidence here that defendant consented to the trial court's declaration of a mistrial. "Mere silence or failure to object to the jury's discharge is not such consent." People v. Johnson, 396 Mich. 424, 432, 240 N.W.2d 729 (1976).
Further, the mistrial declaration was not occasioned by manifest necessity. The mere presence of an alternate juror during deliberations did not make it manifestly necessary to declare a mistrial. See United States v. Olano, 507 U.S. 725, 737, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (concluding that "[t]he presence of [non-participating] alternate jurors during jury deliberations is not the kind of error that `affect[s] substantial rights'"). Because it was not manifestly necessary for the circuit court to declare a mistrial when it did, and because defendant never consented to such a declaration, constitutional principles of double jeopardy prohibit defendant's retrial. The Court of Appeals erred in relying on circumstances that occurred after the trial court declared a mistrial to find manifest necessity. Because the circumstances constituting manifest necessity must exist at the time the mistrial is declared, it is these circumstances that must compel the mistrial declaration. Accordingly, in my judgment, defendant *666 cannot be retried without violating the constitutional protection against double jeopardy, and thus I would reverse in part the decision of the Court of Appeals.