# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 16, 2017

153651

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
           Plaintiff-Appellee,

v                                                              SC: 153651
                                                               COA: 324388
                                                               Washtenaw CC: 13-001442-FH
MELVIN EARL HOWARD,
           Defendant-Appellant.

_____/

On April 12, 2017, the Court heard oral argument on the application for leave to appeal the March 8, 2016 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, C.J. (*dissenting*).

I respectfully dissent from denial of leave to appeal. I write separately to explain the standard I believe should be applied by this Court in determining whether a defendant has consented to a mistrial and why I would vacate the judgment of the Court of Appeals and remand to the trial court to make a factual finding in the first instance on whether defendant consented to the mistrial.

The Fifth Amendment of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." US Const, Am V.[1] Jeopardy "attaches" when a jury is selected and sworn. *People v Lett*, 466 Mich 206, 215 (2002). "Where the trial ends before a verdict—where a mistrial is

---

[1] The Michigan Constitution similarly provides that "[n]o person shall be subject for the same offense to be twice put in jeopardy." Const 1963, art 1, § 15. Neither party has argued that the Michigan Constitution's double jeopardy provision provides a defendant greater protections than the federal constitution. Cf. *People v Thompson*, 424 Mich 118, 130 (1985) ("[W]e hold that reprosecution after a mistrial caused by the failure of a jury to reach a verdict does not violate . . . the Michigan Constitution.").

declared—the Double Jeopardy Clause may bar a retrial." *People v Dawson*, 431 Mich 234, 251 (1988). However, the "Double Jeopardy Clause does not bar all retrials." *Id*. at 252. Specifically, a retrial is not barred if the defendant has consented to the mistrial or the mistrial is justified by "manifest necessity." *Lett*, 466 Mich at 215-216. The Court of Appeals in this case held that defendant consented to the mistrial and therefore he could be retried. *People v Howard*, unpublished per curiam opinion of the Court of Appeals, issued March 8, 2016 (Docket No. 324388), p 6.

This Court last extensively considered the issue of a defendant's consent to a mistrial in *People v Johnson*, 396 Mich 424 (1976). In *Johnson*, the prosecutor requested a mistrial. *Id*. at 429. The trial court adjourned and the next day decided to declare a mistrial. *Id*. During this time, defendant's counsel "never directly commented one way or another on whether he would consent to a mistrial." *Id*. This Court on review held that "[m]ere silence or failure to object . . . is not [consent to a mistrial.]" *Id*. at 432. We added that "in the absence of an affirmative showing on the record, this Court will not presume to find such consent." *Id*. at 433. Finally, we concluded that defendant had not consented because "[t]here was no such affirmative showing in this case. At best, defense counsel may be said to have been silent. At worst, he did not protest, but he did not assent." *Id*.

In so holding, the Court relied on the United States Supreme Court's opinion in *United States v Dinitz*, 424 US 600 (1976). In *Dinitz*, the United States Court of Appeals for the Fifth Circuit concluded that because defendant was left with "no choice" but to request a mistrial, his choice to do so was involuntary, and therefore his second trial was barred by double jeopardy. *Id*. at 608-609. The Supreme Court rejected that argument:

> The Court of Appeals viewed the doctrine that permits a retrial following a mistrial sought by the defendant as resting on a waiver theory. The court concluded, therefore, that "something more substantial than a Hobson's choice" is required before a defendant can "be said to have relinquished voluntarily his right to proceed before the first jury." The court thus held that no waiver could be imputed to the respondent because the trial judge's action . . . left the respondent with "no choice but to move for or accept a mistrial." But traditional waiver concepts have little relevance where the defendant must determine whether or not to request or consent to a mistrial in response to judicial or prosecutorial error. In such circumstances, the defendant generally *does* face a "Hobson's choice" between giving up his first jury and continuing a trial tainted by prejudicial judicial or prosecutorial error. *The important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retain primary control over the course to be followed in the event of such error.* [*Id*. (emphasis added; citations omitted).]

On the basis of the italicized sentence above, *Johnson* held that "the defendant must therefore do something positively in order to indicate he or she is exercising that primary control." *Johnson*, 396 Mich at 432-433.

I agree with *Johnson* to the extent that it held that "[m]ere silence or failure to object," *by itself*, is insufficient to indicate consent to a mistrial. Such a standard is consistent with the Supreme Court's requirement in *Dinitz* that a defendant must exercise "primary control over the course to be followed" and the Supreme Court's characterization of consent to a mistrial as "a deliberate election on [a defendant's] part to forgo his valued right to have his guilt or innocence determined before the first trier of fact." *United States v Scott*, 437 US 82, 93 (1978). Mere silence or failure to object, by itself, is insufficient to ensure that the defendant "retain[s] primary control over the course to be followed" and that he or she made "a deliberate election" to consent to the mistrial.

However, to the extent that *Johnson* stands for the proposition that silence or failure to object is *never* sufficient to indicate consent and that a defendant must expressly consent to a mistrial declaration, I believe such a standard to be overly restrictive under the Constitution.[2] While the express consent of a defendant is the most certain method of ensuring that a defendant "retains control" over the proceeding, when a defendant otherwise takes actions that under the totality of the circumstances indicate consent to the mistrial, he or she is still retaining "primary control" over the course of the proceeding. Thus, an approach holding that a defendant who remains silent may nonetheless have consented to a mistrial, when assessed under the totality of the

---

[2] This narrow reading of *Johnson* is in tension with this Court's statement in *People v McGee* that "[t]he record in this case reveals circumstances from which consent to the circuit court's declaration of a mistrial can be *inferred*." *People v McGee*, 469 Mich 956 (2003) (emphasis added). Moreover, such a narrow approach is contrary to the standard applied in other jurisdictions that have similarly held that silence *alone* does not indicate consent. See *Cardine v Commonwealth*, 283 SW3d 641, 651 (Ky, 2009) (holding that a defendant is not required to object to a mistrial, but silence can be considered consent only if "the surrounding circumstances *positively indicate*[] this silence was tantamount to consent") (quotation marks and citation omitted); *State v Bertrand*, 133 NH 843, 852 (1991) (holding that "a defendant *generally* cannot consent to a mistrial by silence") (emphasis added); *State v Stevens*, 126 Idaho 822, 828 (1995) ("While something *more than* mere silence on the defendant's part must be shown to establish his consent to being placed in double jeopardy, the consent need not be express; rather it may be implied from a totality of circumstances.") (emphasis added; quotation marks and citation omitted); *Stanley v Superior Court of Los Angeles Co*, 206 Cal App 4th 265, 269 (2012) (holding that consent to a mistrial can be inferred if "counsel's conduct goes beyond 'mere silence,' and his words and actions reasonably lead the court to believe he consents").

circumstances, is fully compatible with United States Supreme Court caselaw. Moreover, a contrary approach may encourage unacceptable gamesmanship, as a defendant may deliberately remain silent in the knowledge that if a mistrial is declared, then a subsequent retrial may be barred. Thus, I do not believe that the express consent of a defendant is necessary to permit a retrial of a defendant if the mistrial has not been justified by manifest necessity.

I believe the test enunciated by the United States Court of Appeals for the Sixth Circuit in *United States v Gantley* provides the proper balance between requiring express consent and holding that silence or failure to object by itself necessarily constitutes consent to a mistrial. *United States v Gantley*, 172 F3d 422, 428 (CA 6, 1999). That court has explained:

> [T]his Circuit . . . insists on an especially careful examination of the totality of circumstances, to ensure a defendant's consent is not implied when there is a substantial question of whether the defendant did, in fact, consent. Because there are drastic consequences attached to a finding of consent to a mistrial, we have refused to infer consent merely because a defendant did not object to the declaration of a mistrial. Rather, a defendant's failure to object to a mistrial implies consent thereto *only if the sum of the surrounding circumstances positively indicates this silence was tantamount to consent.* [*Id.* at 428-429 (emphasis added; quotation marks and citations omitted).]

I would adopt this test in Michigan and hold that silence or failure to object constitutes consent to a mistrial "only if the sum of the surrounding circumstances positively indicates this silence was tantamount to consent." *Id.* at 429. Such an approach is consistent with United States Supreme Court caselaw on the issue and ensures that a defendant will not rest on his or her rights in the hope of establishing an appellate parachute.

Because this Court has never clarified what constitutes the proper standard under *Johnson* for determining whether a defendant has consented to a mistrial, I would vacate the decision of the Court of Appeals and remand for a determination of whether defendant consented under the proper legal standard. Whether a defendant has consented to a mistrial poses a question of fact that is reviewed for clear error. See, e.g., *People v Camp*, 486 Mich 914 (2010) ("[T]he trial court did not clearly err in finding that the defendant consented to the mistrial declared by the court."). However, the trial court here never made a finding that defendant consented to the mistrial. Accordingly, rather than remand to the Court of Appeals, I would remand to the trial court to undertake a factual finding in the first instance under the proper legal standard as to whether defendant impliedly consented to the mistrial. After the trial court undertakes such a finding, either

party could appeal that ruling, and the prosecutor could also then argue that the mistrial was justified by manifest necessity.[3]

       BERNSTEIN, J., joins the statement of MARKMAN, C.J.

---

[3] Judge O'BRIEN issued a concurring opinion in which she concluded that the trial court's declaration of a mistrial was also justified by manifest necessity. *Howard* (O'BRIEN, J., concurring), unpub op at 2. However, the Court of Appeals majority declined to address that issue, concluding only that defendant had consented to the mistrial. *Id.* (opinion of the Court) at 6 n 3. Accordingly, I would not address this issue until after it has been considered by the Court of Appeals.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 16, 2017



Clerk

p0613