*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAYNEEL RAVINDRA JADE,

        Defendant-Appellant.

FOR PUBLICATION
October 28, 2024
12:03 PM

No. 365951
Van Buren Circuit Court
LC No. 2022-023839-FH

Before: BORRELLO, P.J., and MURRAY and LETICA, JJ.

MURRAY, J. (*concurring*).

The majority opinion correctly states the law, and properly applies that law in its review of the detailed and well-reasoned trial court opinion. Therefore, I join that opinion, but write separately to explain why the standard of review articulated in *People v Fyda*, 288 Mich App 446, 456; 793 NW2d 712 (2010), is not necessarily inconsistent with Supreme Court precedent, namely *People v Johnson*, 466 Mich 491, 497-498; 647 NW2d 480 (2002),[1] and to point out a possible inconsistency in the standard of review applied in entrapment appeals.

As outlined in the majority opinion, caselaw regarding the standard of review of a trial court decision addressing an entrapment defense after an evidentiary hearing is well settled, and *appears* to follow the general standards for reviewing findings of fact and conclusions of law. The procedure for deciding entrapment defenses was explained in *People v Jamieson*, 436 Mich 61, 80; 461 NW2d 884 (1990). There, the Court stated that the trial court must conduct an evidentiary hearing to resolve the issue, and after hearing the evidence must "determine whether, under the circumstances, the governmental activity would induce a hypothetical person not ready and willing to commit the crime to engage in criminal activity." *Id*. This determination is made, in part, after making findings on 12 nonexhaustive factors. See *id*. at 88-89. On appeal, "[t]he trial judge's

---

[1] If there is a conflict, then the majority opinion is correct that it must follow the Supreme Court opinion over the conflicting Court of Appeals opinion, even if it was decided after November 1, 1990. See *Charles A Murray Trust v Futrell*, 303 Mich App 28, 49; 840 NW2d 775 (2013).

findings on the issue are subject to appellate review under the clearly erroneous standard." *Id*. at 80, citing *People v D'Angelo*, 401 Mich 167, 183; 257 NW2d 655 (1977).[2]

Decisions over the years recognize that the objective standard for entrapment is highly fact driven, that the trial court's function is to both determine the facts and conclude whether those facts establish that the defendant was entrapped, and that our review of those "findings" is limited. Our Court said as much almost 50 years ago:

Although we have examined the record and could find a set of facts that would clearly support the court's ruling on entrapment, that is not our function. We do not sift facts, we review conclusions of law. Our review depends upon the lower court's 'explication of the path * * * followed in reaching the result'. In a previous entrapment case, Judge Cavanagh of this Court succinctly stated:

'In urging this Court to adopt their respective versions of what occurred between the defendant and police, both parties have misconceived the role of an appellate court in reviewing the rejection of an entrapment defense. Where the viability of the defense depends entirely upon the resolution of a factual dispute, it is the role of the trial court to ascertain those facts and appraise their effect upon the administration of criminal justice.' *People v Cushman*, 65 Mich App 161, 167; 237 NW2d 228 (1975). (Citation omitted.) [*People v Flansburgh*, 71 Mich App 1, 5; 246 NW2d 360 (1976) (citation omitted).]

Although these cases stand for the proposition that both the facts found by the trial court and its ultimate finding on whether a defendant was entrapped are subject to a clearly erroneous standard, it remains true that whether entrapment exists under the facts is a legal question, not a factual one. That is why the decision is for the trial court to make, not the jury. See *People v Woods*, 241 Mich App 545, 554; 616 NW2d 211 (2000) ("Ultimately, in Michigan, entrapment is a question of law for the trial court to decide, not a question of fact for the jury to resolve."), citing *People v Jones*, 203 Mich App 384, 386; 513 NW2d 175 (1994), and *People v Sammons*, 191 Mich App 351, 360; 478 NW2d 901 (1991). See also *People v Roy*, 80 Mich App 714, 718-719; 265 NW2d 20 (1978) ("Entrapment under the objective test is a legal question to be decided by the trial court.").

With this law in mind, *Fyda* seems consistent with these decisions. After all, *Fyda* reiterated[3] that entrapment is determined "by considering the facts of each case," and that findings of fact are reviewed under the clearly erroneous standard of review. *Fyda*, 288 Mich App at 456. So far, this is consistent with long-standing entrapment caselaw. The only statement in *Fyda* that is of concern is when the Court said that entrapment "is a question of law for this Court to decide

---

[2] The citation to *D'Angelo* was to that Court's reference to the specific "findings of fact" made by the trial court after the hearing. See *D'Angelo*, 401 Mich at 183.

[3] *People v Milstead*, 250 Mich App 391, 397; 648 NW2d 648 (2002), articulated the standard relied upon by *Fyda*, and in turn relied upon *People v McGee*, 247 Mich App 325, 344; 636 NW2d 531 (2001), vacated on other grounds by 469 Mich 956 (2003).

de novo." *Id.* But entrapment *is* a question of law, see *Woods*, 241 Mich App at 554, and cases cited by *Woods*, and though the *factual* findings by the trial court as to whether a defendant was entrapped are subject to the clearly erroneous standard, whether those factual findings equate to entrapment is a legal question subject to de novo review, see, e.g., *People v Vansickle*, 303 Mich App 111, 114-115; 842 NW2d 289 (2013) (citing *Fyda* for the proposition that "[w]e review de novo as a matter of law whether the police entrapped a defendant, but the trial court's specific findings of fact are reviewed for clear error"); *Roy*, 80 Mich App at 718-719 ("The legal decision [of entrapment] focuses basically on public policy grounds, specifically on which police tactics involving the detection and prevention of crime are justifiable in a free society."); *People v Soper*, 57 Mich App 677, 678; 226 NW2d 691 (1975) (concluding that "the police conduct in this case constituted entrapment as a matter of law").

Although our holding that "the trial court's ultimate ruling on the issue of entrapment is reviewed for clear error," is consistent with *People v Hartwick*, 498 Mich 192, 214-215; 870 NW2d 37 (2015), the difference between reviewing for clear error a trial court "finding" or "ruling" on whether defendant was entrapped, and resolving whether entrapment exists under the trial court's factual findings, which is a question of law reviewed de novo, is somewhat unclear. Typically, a trial court's ultimate "finding" (better termed a "conclusion," since it's a legal decision) that the facts as found meet a certain legal standard is a question of law, subject to de novo review. See, e.g., *People v Williams*, 470 Mich 634, 640-641; 683 NW2d 597 (2004) ("Although we review for clear error the trial court's factual findings regarding a defendant's knowing and intelligent waiver of [Sixth Amendment] rights, . . . the meaning of 'knowing and intelligent' is a question of law. We review questions of law de novo."), quoting *People v Daoud*, 462 Mich 621, 629-630; 614 NW2d 152 (2000), and *People v Cheatham*, 453 Mich 1, 30; 551 NW2d 355 (1996). See also *People v Lydic*, 335 Mich App 486, 490; 967 NW2d 847 (2021) (employing standard of review that the trial court's determination that a defendant's conduct falls within the scope of a penal statute, and its application of the facts to the law, are reviewed de novo).

But under *Jamieson*, *Johnson*, and *Hartwick*, the "finding"[4] of whether a defendant was entrapped is subject to clearly erroneous review. Under this principle, if the reference in *Jamieson*, *Johnson*, and *Hartwick* to the trial court's "finding" of entrapment is to the *legal* determination of whether entrapment exists under the facts as found by the trial court, then the trial court's legal determination would essentially be binding on the appellate courts because of the more deferential standard of review, creating an anomaly by allowing trial courts to determine the scope of the common law in this state. See *Henry v Dow Chem Co*, 473 Mich 63, 83; 701 NW2d 684 (2005) (Supreme Court explained that it is "the principal steward of Michigan's common law."); *Gruskin v Fisher*, 405 Mich 51, 58; 273 NW2d 893 (1979) (noting that "it is for this Court to decide whether a common-law rule shall be retained unless the Legislature states a rule that is inconsistent with or precludes a change in the common-law rule"). However, if the reference to "finding" is instead a

---

[4] Or as the majority labels it, the court's "ruling."

reference to the *factual* findings by the trial court, then these decisions square with the well-known standards of review applied throughout Michigan law.[5]

/s/ Christopher M. Murray

---

[5] Or, perhaps this lack of clarity is due, as defendant argues, to courts loosely using the term "finding" for legal determinations, when the term is more properly used to reference *factual* findings.